GREENE, RESPONDENT, *v.* MONTANA BREWING COM-
PANY, APPELLANT.

(No. 2,035.)

(Submitted December 17, 1904.   Decided February 23, 1905.)

*Judgments—Default—Vacation — Inadvertence — Excusable
Neglect.*

> After *remittitur* from the supreme court had been filed, plaintiff filed
> an amended complaint, which was served on the stenographer of de-
> fendant's attorneys during their absence, and, upon defendant's fail-
> ure to answer, judgment was rendered by default.   Immediately on
> defendant's acquiring knowledge thereof, it obtained a stay of execu-
> tion, presented a motion to set aside the default, and for leave to
> answer, alleging that by the negligence of the stenographer the amended
> complaint had been lost, and had never been called to the attention
> of its attorneys.   One of defendant's attorneys had requested the
> clerk of the district court to inform him of the filing of the *remittitur*,
> but the clerk had failed to do so, and, though such attorney met
> plaintiff's attorney nearly every day, he had never referred to the
> filing of such amended complaint.   *Held*, that such facts, with a
> proposed answer, which put in issue all the material allegations of
> the amended complaint, entitled defendant to a vacation of the de-
> fault judgment, under Code of Civil Procedure, section 774, authoriz-
> ing the court to relieve a party, in its discretion, from a judgment
> taken against him through his mistake, inadvertence, surprise or ex-
> cusable neglect, and that the court erred in overruling the motion.

*Appeal from District Court, Cascade County; J. B. Leslie,
Judge.*

ACTION by Howard S. Greene, as trustee in bankruptcy,
against the Montana Brewing Company.   From an order deny-
ing defendant's motion to set aside a default and permit de-
fendant to answer, it appeals.   Reversed.

*Mr. George H. Stanton* and *Mr. J. A. McDonough*, for Re-
spondent.

It was the duty of appellant's counsel to keep themselves ad-
vised with respect to the proceedings in this case.   They must
have known that the case was decided by the supreme court, and
that a *remittitur* could be called for by respondent and filed

with the clerk without any notice to them.   It was not the duty of the clerk to inform them of the filing of the *remittitur.*   If they had examined the docket they would have found that the *remittitur* was filed, and with it they would have found the amended complaint, duly verified and filed, and showing that the same had been properly served at their office.

No showing of excusable neglect has been made.   In the absence of such showing there is no discretion of the court to be exercised.   Though a defendant may have a meritorious defense to an action, mere neglect by his counsel to file an answer in time is not a ground upon which a default judgment may be vacated.   (*Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac. 456, 852; *Herbst Importing Co.* v. *Hogan,* 16 Mont. 384, 41 Pac. 135; *Lowell* v. *Ames,* 6 Mont. 187, 9 Pac. 826; *Butte Butchering Co.* v. *Clark,* 19 Mont. 306, 48 Pac. 303; *Haggin* v. *Lorentz,* 13 Mont. 406, 34 Pac. 607.)

Service of the amended complaint in this case was made in the manner provided by statute, and a copy of the same was left in the office of appellant's counsel more than a month before the judgment was taken.   If the law contemplated that service upon the clerk in the absence of the attorney was not sufficient unless the clerk delivered such paper to the attorney and notified him of its contents, then it would seem that the statute referred to can serve no substantial purpose.   (*Union Hide Co.* v. *Woodly,* 75 Ill. 435.   See, also, *East St. Louis* v. *Thomas,* 102 Ill. 453; *Williamson* v. *Cummings Rock Drill Co.,* 95 Cal. 652, 30 Pac. 762.)

Even in a case where excusable neglect may be shown, a default judgment cannot be set aside in the absence of a sufficient affidavit of merits.   The appellant in this case furnished no affidavit of merits.   Mere surprise is not sufficient, for the defendant might be surprised and yet the judgment might be entirely just and proper.   Every consideration of expediency and justice is opposed to the opening up of cases in which judgment by default has been entered, unless it be made to appear, *prima facie,* that the judgment as it stands is unjust.   (*Donnelly* v. *Clark,* 6 Mont. 136, 9 Pac. 887.)

*Messrs. Downing & Stephenson,* for Appellant.

Defendant was not in default, because on the date of the entry of the default, defendant had an answer on file in said action. An answer filed to a complaint is to be treated as an answer to every amendment and to every amended complaint subsequently filed. And while such answer is on file the clerk is without authority to enter a default. (*Gettings* v. *Buchanan,* 17 Mont. 581, 44 Pac. 77; *Yates* v. *French,* 25 Wis. 661; *Bank of Elkhorn* v. *Prescott,* 27 Wis. 616; *Bank* v. *Fairbank,* 54 Ill. App. 296; Ency. of Pl. & Pr., vol. 6, p. 83, and cases cited; Century Digest, vol. 30, columns 262-265.) Defendant had appeared, and demurred and answered, and had taken the case to the supreme court. The default should have recited these facts, and was necessarily misleading to the court, and a judgment based upon such a default is reversible. (*Mason* v. *Germaine,* 1 Mont. 266.)

The former judgment of the court was reversed. No new trial was granted, no further proceedings were ordered, and no order to the lower court to permit amended pleadings was made. Such a judgment of the supreme court requires a dismissal of the action. (*Edgar* v. *Greer,* 14 Iowa, 211; *Keller* v. *Lewis,* 56 Cal. 466; *Patten Paper Co.* v. *Canal Co.,* 93 Wis. 283, 66 N. W. 601, 67 N. W. 432.) Plaintiff had no right to file an amended complaint without first obtaining leave of court, and upon notice to the attorneys for defendant. The effect of the decision of the supreme court was to sustain defendant's demurrer to plaintiff's complaint. (Sections 776 and 683, Code of Civil Procedure.)

It was a gross abuse of discretion on the part of the trial court to refuse to vacate the judgment and default. (*Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Melde* v. *Reynolds,* 129 Cal. 310, 61 Pac. 932; *Harbaugh* v. *Land Co.,* 109 Cal. 70, 41 Pac. 792; *Grady* v. *Donahoo,* 108 Cal. 211, 41 Pac. 41; *Miller* v. *Carr,* 116 Cal. 379, 58 Am. St. Rep. 180, 48 Pac. 324.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On January 23, 1900, an action was commenced in the district court of Cascade county by Howard S. Greene, a trustee in bankruptcy, against the Montana Brewing Company, to recover the sum of $534.25. Complaint, answer, and reply were filed, the cause tried, and a judgment in favor of the plaintiff rendered, from which an appeal was taken to this court, where it was held that the complaint did not state a cause of action, and the judgment was reversed. (*Greene* v. *Montana Brewing Co.,* 28 Mont. 380, 72 Pac. 751.) On August 19, 1903, the *remittitur* from this court was filed in the office of the clerk of the district court, and on the same day the plaintiff filed his amended complaint, and made service thereof in the manner hereinafter indicated. On September 9th the default of the defendant was entered for its failure to answer or demur to the amended complaint, and a judgment rendered in favor of the plaintiff for the amount claimed. On or about September 30th an execution was issued, and placed in the hands of the sheriff, who demanded from the defendant the satisfaction of the judgment, and this was the first intimation that the defendant or its attorneys had that an amended complaint had been filed, its default entered, or a judgment rendered. On the same day the defendant applied to the court for, and obtained, a stay of the execution, and on October 1st presented to the court a motion to vacate the judgment, to set aside the default, and permit the defendant to file an answer to the amended complaint. In support of this motion the defendant filed certain affidavits and tendered an answer. Counteraffidavits were filed, and upon the hearing of the motion certain oral testimony was taken. On November 5th the court overruled the motion, and the defendant appealed from the judgment, and from the order refusing to vacate the judgment and set aside the default.

It is only necessary for us to consider one ground of the motion. Section 774 of the Code of Civil Procedure provides, among other things: "The court may likewise, in its discretion, after notice, * * * relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable

neglect; provided, that application therefor be made within reasonable time," etc.   No question of mistake or surprise is involved here.   The only inquiry for our determination is: Do the facts set forth in the affidavits accompanying the motion disclose such inadvertence or neglect as ought to excuse the defendant and entitle it to have the default set aside?

From the affidavits filed it appears that Laura A. Lake had been employed as a stenographer in the office of Downing & Stephenson, the attorneys for the defendant, from about April 15, 1903; that on the 19th day of August Mr. Stephenson was absent from the city of Great Falls; that Mr. Downing was in his office until about 2 o'clock of that day, when he left for Ft. Benton, where he was detained on professional business for several days; that, about 4 o'clock on August 19th, George H. Stanton, attorney for the plaintiff, appeared at the office of Downing & Stephenson, and asked the stenographer if she ever admitted service of papers for the firm of Downing & Stephenson; she replied that she had never done so, but at Mr. Stanton's suggestion she signed the acceptance of service of the amended complaint with the name "Downing & Stephenson"; that a copy of the complaint was evidently left with Miss Lake, but by her mislaid, and never thereafter seen by her or by either member of the firm of Downing & Stephenson; that she received the impression, whether well founded or not, that Mr. Stanton would speak to Downing or Stephenson about the matter of the service of this paper; that she, in fact, had no knowledge of the character of the paper itself, and gave the matter no further thought; that she never called the attention of either Downing or Stephenson to the fact of the service of the paper, and neither of them, nor any officer of the defendant company, had any knowledge of such fact until the execution was issued.   It further appears that Mr. Downing had requested the clerk of the district court to inform him whenever the *remittitur* from the supreme court should be filed in the district court, but that the clerk had never done so; that, although Downing met Stanton almost every day after his return from Ft. Benton, Stanton had never, either directly or indirectly, referred to the matter at all; and, notwithstanding diligent search was made through

the office of Downing & Stephenson, the copy of the amended complaint was never found. The answer tendered with the motion puts in issue all the material allegations of the amended complaint, and must be deemed sufficient for the purpose of the motion. Furthermore, it is made to appear from the record that the utmost diligence was practiced by the defendant on the discovery of its default.

Inadvertence is defined as (1) the quality of being inadvertent; lack of heedfulness or attentiveness; inattention; negligence; (2) an effect of inattention; a result of carelessness; an oversight, mistake, or fault from negligence. (Webster's International Dictionary.) Negligence or inadvertence directly traceable to a party litigant or his attorney, no less excusable than that disclosed by this record, has many times been held sufficient to warrant the opening of a default, and trial courts have not infrequently been reversed for their refusal to set aside defaults under such circumstances.

If these rulings be correct, and if the negligence or inadvertence was directly chargeable to the defendant or its attorneys, and yet would be deemed excusable under the circumstances, how much more cogent the reason for a liberal construction of the rule when, as in this instance, the dereliction of duty is chargeable in the first instance to a clerk or stenographer, who, as the record shows, was unfamiliar with the practice respecting the service of papers, and even with the character of this particular paper itself. Of course, the negligence of Miss Lake is imputed to Downing & Stephenson, and through them to the defendant. But if these facts do not bring the case within the meaning of section 774 above, it is difficult to understand the purpose of that statute or to appreciate its practical utility.

It will not do to say that if the defendant was, or its attorneys were, guilty of negligence whereby the default was occasioned, such default will not be set aside, for the very purpose of section 774 above is to relieve a party who has defaulted, and that, too, through his own inadvertence or negligence, provided, however, that the inadvertence be not gross or the negligence inexcusable. No hard-and-fast rule can be found for the de-

termination of these questions when they arise, and only general principles can be invoked in aid of our efforts to reach a fair and just determination of the question.

At an early date a statute of California, similar in its import to our section 774 above, was considered by the supreme court of that state, and it was then said: "Applications of this character are addressed to the discretion—the legal discretion—of the court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and, when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application." (*Watson* v. *S. F. & H. B. R. R. Co.,* 41 Cal. 17.) To the same effect are the decisions in *Reidy* v. *Scott,* 53 Cal. 69, *Grady* v. *Donohoo,* 108 Cal. 211, 41 Pac. 41, and *Miller* v. *Carr,* 116 Cal. 378, 58 Am. St. Rep. 180, 48 Pac. 324.

In *Benedict* v. *Spendiff,* 9 Mont. 85, 22 Pac. 500, the opinion in the *Watson Case* is cited with approval, and in the later case of *Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181, this court again had occasion to reverse a trial court for its refusal to set aside a default, and there laid emphasis upon the design of our statute quoted above, as follows: "Each case in which the court is asked to set aside a judgment upon the ground of excusable neglect in the moving party must be decided upon its own facts. The design and purpose of the statute is to further the administration of justice, so that the very right upon the merits may be determined, and to that end to grant relief from excusable neglect in cases where diligence is shown in applying promptly for the relief sought, provided the opposite party be

not deprived of any advantage to which he may properly be entitled." (See, also, *Morse* v. *Callantine,* 19 Mont. 87, 47 Pac. 635.)

It is generally considered that statutes of the character of section 774, above, are remedial in their nature, and are to be liberally construed. This view is held by the supreme court of California, as is evidenced by the following language used: "This is a remedial provision, and, under the terms of section 4 of the same Code, which require it to be liberally construed with a view to effect its objects and promote justice, it is best observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such a manner as will subserve, rather than impede or defeat, the ends of justice; regarding mere technicalities as obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial rights." (*Melde* v. *Reynolds,* 129 Cal. 308, 61 Pac. 932.)

If possible, an even more concise statement of the same views is made by the supreme court of South Dakota, as follows: "The provisions of this section are exceedingly liberal in their terms, remedial in their character, and were evidently designed to afford parties a simple, speedy and efficient relief in a most worthy class of cases. The power thus conferred upon courts, to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits. When, therefore, a party makes a showing of such mistake, inadvertence, surprise or excusable neglect, applies promptly for relief after he has notice of the judgment, shows by his affidavit of merits that *prima facie* he has a defense, and that he makes the application in good faith, a court could not hesitate to set aside the default, and allow him to serve an answer upon such terms as may be just under all the circumstances of the case." (*Griswold Linseed Oil Co.* v. *Lee,* 1 S. Dak.

531, 36 Am. St. Rep. 761, 47 N. W. 955; *People* v. *Campbell,* 18 Abb. Pr. 1.)

While these views comport with our own ideas of the proper interpretation to be placed upon statutes of this character, we are further fortified in our position by direct legislative enactment. Section 3453 of the Code of Civil Procedure, among other things, provides: "The Code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it, are to be liberally construed with a view to effect its objects and to promote justice." Applying this rule to the facts disclosed by this record, and we are of the opinion that excusable neglect is shown, that a meritorious defense is tendered, that due diligence was exercised in presenting the motion, and that the trial court erred in refusing to set aside the default.

The judgment and order are reversed, and the cause is remanded to the district court with direction to set aside the default and permit the defendant to answer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

(Submitted December 17, 1904. Decided February 23, 1905.)