WHITE v. GIBSON et al.

(Supreme Court, Special Term, New York County. December 21, 1908.)

1. PLEADING (§ 121*)—DENIALS—SUFFICIENCY.
   An allegation that defendant has no knowledge or information sufficient to form a belief as to the truth of particular allegations is insufficient to raise an issue.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 245; Dec. Dig. § 121.*]

2. MORTGAGES (§ 410*)—FORECLOSURE SUIT—DEFENSES—JUNIOR MORTGAGE.
   It is no defense to a mortgage foreclosure suit that one is the owner of a subsequent mortgage.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1179; Dec. Dig. § 410.*]

3. ABATEMENT AND REVIVAL (§ 9*)—PENDENCY OF ANOTHER SUIT—IDENTITY OF PARTIES.
   It is no defense to a mortgage foreclosure suit by one in his individual capacity that there is another action pending where plaintiff is joined therein as a defendant not individually, but in a representative capacity, since a judgment against him therein would not conclude him in the capacity in which he sues.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 74; Dec. Dig. § 9.*]

4. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS.
   Code Civ. Proc. § 547, added by Laws 1908, p. 462, c. 166, authorizing judgment on the pleadings after issue joined where one is entitled thereto, authorizes judgment on the pleadings in favor of plaintiff in a mortgage foreclosure action where the answer presents no defense.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1055; Dec. Dig. § 345.*]

5. PLEADING (§ 343*)—JUDGMENT ON PLEADING—EFFECT OF STATUTE.
   Code Civ. Proc. § 547, added by Laws 1908, p. 462, c. 166, authorizing judgment on the pleadings after issue joined where one is entitled thereto, is remedial and should be liberally construed; it being designed to prevent delays incident to the trial of an issue of law raised by a demurrer or a motion on the pleadings at the trial.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1048; Dec. Dig. § 343.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—NATURE.

Code Civ. Proc. § 547, added by Laws 1908, p. 462, c. 166, authorizing judgment on the pleadings after issue joined where one is entitled thereto, the judgment may be either interlocutory or final, though the Code does not define an interlocutory judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1077; Dec. Dig. § 350.*]

7. JUDGMENT (§ 216*)—"INTERLOCUTORY JUDGMENT"—DEFINITION.

An interlocutory judgment is an intermediate or incomplete judgment, where the rights of the parties are settled but something remains to be done.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 393; Dec. Dig. § 216.*

For other definitions, see Words and Phrases, vol. 4, pp. 3712–3714; vol. 8, p. 7692.]

Action by Edward D. White against Tobias Richardson Gibson and others. Plaintiff's motion for judgment of the pleadings granted.

Evarts, Choate & Sherman (Thomas T. Sherman, of counsel), for plaintiff.

Wollman & Wollman (Achilles H. Kohn, of counsel), for defendant Hamilton National Bank.

SEABURY, J. The plaintiff moves for judgment on the pleadings. This motion is made in an action to foreclose two mortgages. The amended complaint sets forth the making and delivery of the bonds and mortgages, the recording of the mortgages, the release by the plaintiff of certain parts of the mortgaged premises, the fact that the plaintiff has been obliged to pay certain taxes and assessments to preserve his liens, and alleges that the defendants, other than the mortgagors, have subsequent interests, subject and subordinate to the plaintiff's mortgages, and demands judgment of foreclosure and sale. Two infant defendants have answered, by their guardian ad litem, claiming such interest in the premises as they are entitled to, and submitting their rights and interests in the matter in question to the protection of the court. All of the other defendants are in default, except the Hamilton National Bank of Chicago. The Hamilton National Bank of Chicago has put in an answer. In this answer it alleges "that it has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in the articles of said amended complaint marked 1, 2, 3, 4, 5, 6, 7, and 8." The answer contains a similar allegation as to the 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, and 20th paragraphs of the amended complaint.

These attempted denials are insufficient to raise an issue. In Jurgens v. Wichmann, 124 App. Div. 531, 108 N. Y. Supp. 881, Mr. Justice Gaynor pointed out, with his usual clearness, the respects in which similar allegations were defective, and characterized them as "too slovenly and loose." That criticism applies with full force to the answer now under consideration. The answer of this defendant, as an alleged defense to the cause of action set out in the amended complaint and as a counterclaim against the other defendants, pleads

that the Hamilton National Bank of Chicago is the owner of a subsequent mortgage upon the premises. This plea is no defense to the plaintiff's right to foreclose his prior mortgage. As a second alleged defense, this defendant pleads that there is another action now pending in this court in which it is the plaintiff and in which the other defendants in this action are defendants. The plaintiff brings the present action in his individual capacity, and in the action in which this defendant is plaintiff he is not made a party in his individual capacity. In that action, this plaintiff is joined as a defendant merely in a representative capacity as trustee. The other action which this defendant alleges is now pending could not affect this plaintiff personally, and a judgment rendered in that action would not be conclusive upon him in the capacity in which he brings this action. Leornard v. Pierce, 182 N. Y. 431, 75 N. E. 319, 1 L. R. A. (N. S.) 161. This other action, which this defendant alleges is now pending, is based entirely upon its alleged junior lien, and cannot, under any aspect of the case, constitute a defense against the plaintiff's prior right, pleaded in his amended complaint.

Upon the pleadings as they stand, the plaintiff is entitled to judgment, and section 547 of the Code of Civil Procedure is the sufficient warrant for awarding such judgment. That section provides that:

"If either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly."

This section was added to the Code by chapter 166, p. 462, of the Laws of 1908. In 1870, the Court of Appeals sustained the order of the Special Term granting "judgment upon the pleadings," although at that time there was no specific statutory authority for such an order. People v. Northern Railroad Co., 42 N. Y. 217, 233. Section 547 of the Code, as enacted in 1908, is specific authority for the practice which, without such authority, the Court of Appeals sanctioned in 1870. The section, in its present form, is remedial in its nature, and I think should be given a liberal construction. It was designed to prevent the delay incident to the trial of an issue of law raised by a demurrer, or a motion upon the pleadings at the trial. This section authorizes the court to award "judgment upon the pleadings," and the "judgment" referred to in this section may be either an interlocutory or final judgment. The former Code of Procedure (section 245) defined a judgment as "the final determination of the rights of the parties in the action," but the present Code (section 1200) provides that "a judgment is either interlocutory or the final determination of the rights of the parties in the action." The original definition of a final judgment is still preserved in section 1200 of the Code of Civil Procedure, but the present Code contains no statutory definition of an interlocutory judgment. The failure of the present Code to define an interlocutory judgment is immaterial, as it declares that a judgment is either interlocutory or final. "An interlocutory judgment is an intermediate or incomplete judgment, where the rights of the parties are settled but something remains to be done, as when there is an accounting to be had, a question of damages to be ascertained, or a reference required to determine the amount of

rent due for use and occupation." Cambridge Valley Nat. Bank v. Lynch, 76 N. Y. 514, 516. In providing that when a party "is entitled to judgment" the court may "give judgment accordingly," section 547 obviously contemplates that the court shall award such a judgment as either party is entitled to, under the pleadings, whether the judgment be interlocutory or final. The appropriate relief to which the plaintiff is entitled, under the pleadings now under consideration, is an interlocutory judgment appointing a referee to take proof of the facts, examine the plaintiff or his agent as to any payments that may have been made, and to compute the amount due. The motion for such a judgment is therefore granted.