PENGELLY, APPELLANT, *v.* PEELER, ADMINISTRATOR, RE-
SPONDENT.

(No. 2,644.)

(Submitted April 7, 1909. Decided April 16, 1909.)

[101 Pac. 147.]

*Default — Setting Aside — Discretion — Pleadings — Answer — Denials.*

General Denial—When Proper.
    1. A general denial is proper in cases where the pleader has theretofore generally or specifically denied certain allegations of the complaint, as also where he has denied any knowledge or information sufficient to form a belief as to the truth of particular allegations, and has specifically admitted others.

Denial on Information and Belief—Sufficiency.
    2. Where defendant denied, as to certain specified allegations of the complaint, that he had "any knowledge or information [thereof] sufficient to form a belief," the omission of the word "thereof," used

in section 6540, Revised Codes, authorizing denials on information and belief, was immaterial.

Default—Setting Aside—Answer—Affidavit of Merits—Inconsistency.

3. The complaint in an action to recover on a claim against an estate, alleged, *inter alia,* that the plaintiff had duly presented her claim to the administrator in writing, supported by affidavit as required by law. The default of the administrator having been entered, defendant, on motion to set aside the default, tendered a proposed answer containing a general denial. In his affidavit of merits he stated that the claim delivered to him had not been verified as prescribed by law and was therefore not a legal claim against the estate. *Held,* that the answer was not so inconsistent with the statements in the affidavit as to warrant the court in refusing to set aside the default.

Same—Setting Aside—Discretion—Terms.

4. In setting aside a default judgment, on a showing that defendant's attorney, through mistake and inadvertence, failed to file an answer within the time allowed by law, where the party in default moved promptly to vacate the judgment and appeared to have a good defense to the action, the court did not abuse its discretion; nor did it err in not imposing terms.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by Catherine Pengelly against D. R. Peeler as administrator of Jacob Fine, deceased. From an order setting aside a default judgment, and permitting defendant to answer, plaintiff appeals. Affirmed.

*Mr. Charles W. Pomeroy,* and *Messrs. Carpenter, Day & Carpenter,* for Appellant.

*Mr. C. H. Foot,* and *Mr. W. H. Poorman,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an order of the district court of Flathead county setting aside a default judgment and permitting the defendant to answer. The plaintiff, who was sister to the deceased, Jacob Fine, filed a claim against his estate in the sum of $500, for work, labor and services performed by her during the years 1901 to 1906. The administrator rejected the claim, and this action resulted.

Summons was personally served on May 29, 1908, default entered on June 19, and judgment entered June 20, 1908. On

June 24 motion and notice of motion to vacate the judgment
were served and filed, accompanied by the affidavits of the de-
fendant and C. H. Foot, Esq., his attorney. The affidavit of
Mr. Peeler contains the following allegations: ''That through
mistake, inadvertence, and neglect of himself and his counsel,
C. H. Foot, he was prevented from appearing and answering
in said action, as shown by the affidavit of his counsel hereto
attached, and the following statement: That on the second day
of June, 1908, he delivered to said counsel the summons and
complaint in said action served upon him; that he does not
remember whether at that time he told his counsel when the
summons and complaint were served upon him, but believes
he did; that he briefly discussed the case with his counsel, and
then left him, instructing said counsel to look after the case
and see that the answer was properly filed, and his said counsel
assured him that he would do so. This affiant had just re-
turned the morning before from a three weeks' absence from
the city of Kalispell, his home, and found a great deal of
business accumulated during his said absence, and that for
several days succeeding the delivery of said papers to his coun-
sel, he was exceedingly busy with his duties as president of the
First National Bank of Kalispell, and had no time to give
thought to said action, and, relying upon the promises of his
said counsel, did not attempt to charge his mind therewith.''
This averment is followed by an affidavit of merits.

In Mr. Foot's affidavit is found the following: ''That on the
second day of June, 1908, said D. R. Peeler called upon affiant
in his office, in the city of Kalispell, and delivered to him a copy
of the complaint and summons in the above-entitled action;
that said defendant inquired of affiant what he had to do with
the papers served upon him, and affiant replied that he would
have to answer and defend in said action. The merits of the
case were but briefly discussed between affiant and defendant
at that time, as both had been aware for some time that such
an action was to be commenced, and the merits of the case
had been thoroughly discussed on previous occasions, and all
the facts known to said defendant were known to affiant at

that time, as he verily believes. In just what manner the
information was conveyed affiant is unable to state, but at that
time, to-wit, June 2, 1908, affiant understood and believed from
the conversation he had with said defendant that said summons
had been served upon defendant that day, and that, immedi-
ately after the defendant left his office, he entered upon his
desk calendar the date when time for answering would expire,
to-wit, June 22, 1908; that affiant at no time forgot that the
day for answering, as he understood it, was on the twenty-
second day of June, 1908, and he at all times fully intended to
prepare his answer to said complaint, and have the same filed
within the twenty days from the date of the service of the
summons, and would have done so but for the misunderstanding
between himself and said defendant; that just about the time
said action was commenced affiant conversed with plaintiff's
attorney, Charles W. Pomeroy, Esq., concerning the same, and
their conversation was to the effect that the said case could
not be reached for trial until late in the fall of the year 1908,
as both parties to the action would have to take depositions of
witnesses, all of whom, as to the facts and merits of the case,
reside in England, as affiant is informed and believes. For this
reason, and as no trial jury was expected till November, 1908,
he made no haste to get the case at issue, therefore delayed
preparing the answer until the 20th of June. In preparing to
serve his answer he discovered for the first time that default had
been entered in said action against said defendant. He imme-
diately interviewed plaintiff's attorney, and informed him of
his intentions to move to vacate the default, and asked plain-
tiff's attorney to consent to its being vacated, and to not enter
the judgment on the default. This plaintiff's counsel at that
time declined to do, and affiant then began the preparation of
the papers necessary to vacate said default.''

An answer was tendered, admitting the death of Jacob Fine,
the appointment and qualification of the defendant as adminis-
trator of his estate, and the publication of notice to creditors to
present their claims within four months. As to the allegations
that plaintiff performed work and services for deceased in his

lifetime of the value of $500, for which she has not been paid, the answer sets forth: "As to each, every, and all of the allegations, matters, statements and things in the first and second paragraphs of the said complaint defendant denies that he has any knowledge or information sufficient to form a belief." Then follows a denial of "each and every allegation in said complaint contained not herein specifically admitted or denied."

But one question is argued in the briefs, to-wit, whether the court below abused its discretion in vacating the judgment; but on the argument two other contentions were advanced by counsel for the appellant.

(a) It was contended that the denial of knowledge or information sufficient to form a belief does not put in issue the allegations of the complaint to which it is directed. The denial is in the words of the statute, with the exception that the word "thereof" is omitted. Section 6540, Revised Codes, provides: "The answer of the defendant must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, or a specific admission or denial of some of the allegations of the complaint, and also a general denial of all the allegations of the complaint not specifically admitted or denied in the answer." We hold that under this statute a defendant may deny generally or specifically certain allegations of the complaint, and may, as to other allegations, deny any knowledge or information thereof sufficient to form a belief, and may admit other allegations, and may put still others, or all others, in issue by a general denial; and we think this construction has generally been adopted and acted upon by the profession. Under this rule of construction a general denial is proper in cases where certain allegations have already been generally or specifically denied, and in cases where the pleader has already denied any knowledge or information sufficient to form a belief as to the truth of particular allegations, and has specifically admitted others.

The appellant cites the case of *Downing N. D. Land Co.* v. *Burns,* 30 Colo. 283, 70 Pac. 413, in which the supreme court

of Colorado held the answer insufficient. But in that case the denial was in this form: "This defendant hath not and cannot obtain sufficient information upon which to base a belief." The court held that the defendant was required by statute to state that he had no *knowledge* or information upon which to base a belief. In the case of *Jurgens* v. *Wichmann,* 124 App. Div. 531, 108 N. Y. Supp. 881, the supreme court held the following to be no denial: "Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 5 of the complaint." And again, in *White* v. *Gibson,* 61 Misc. Rep. 436, 113 N. Y. Supp. 983, the same court held that this allegation in an answer raised no issue: "It alleges that it has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in the articles of the amended complaint marked '1' to '8.' " The court said that such denials and allegations were "too slovenly and loose." But we think the answer in this case is sufficient in this regard. The decisions of the supreme court of New York are exceedingly technical, and we are not disposed to follow them. Neither is the decision of this court in *Milwaukee Gold Extraction Co.* v. *Gordon,* 37 Mont. 209, 95 Pac. 995, in conformity with them. Section 6566, Revised Codes, reads: "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." We do not regard the omission of the word "thereof" as of any consequence, when it is apparent that the subject of the denial was certain specified allegations in the complaint.

(b) It is contended that the general denial in the answer is inconsistent with certain statements contained in the affidavit of merits, and is therefore not effective to put in issue the allegation that plaintiff's claim was presented to the administrator and rejected. The statement in the affidavit is as follows: "That after affiant was appointed administrator of said estate, there was delivered to him a pretended creditor's claim in favor of said plaintiff against the estate of said deceased, but that said claim was never verified or sworn to, or made under oath

by said claimant, in the manner provided by law, and was therefore not a legal claim against the estate; that affiant was informed and believed, and still does believe, from the information he had received that said claim was not just, and ought not to be allowed, and was instructed by Eliza Fine, the sole heir of said deceased, not to allow said claim, and for the further reason that said claim was not properly verified he rejected the same; that a full, true, and correct copy of said pretended claim, as served upon him and by him rejected, is hereto attached and hereof made a part.'' The allegation in the complaint is: ''That on the eleventh day of January, 1908, plaintiff duly presented to said administrator her claim, hereinbefore mentioned, in writing, supported by her affidavit in due form as required by law,'' etc. We find no such inconsistency between the answer and the affidavit as would warrant the district court in refusing to vacate the judgment on that ground. An inspection of the copy of the claim leads to the conclusion that the defendant, in the protection of the estate intrusted to his care, might without impropriety question the sufficiency of the claim as presented, and we understand that this is what he seeks to do by the answer.

It would serve no useful purpose to analyze the allegations of the affidavits upon which the court below based its action, or to review the authorities on the subject. This court has had occasion to consider such orders so often that the principle of law involved is well settled. (*Loeb* v. *Schmith,* 1 Mont. 87; *Mantle* v. *Largey,* 17 Mont. 479, 43 Pac. 633.) Every case must be decided upon its own facts. The respondent promptly moved to vacate the judgment. We are of opinion that the district court did not abuse its discretion in granting the defendant's motion and vacating the judgment without imposing terms, and the order appealed from is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.