FARMERS' CO-OPERATIVE ASSOCIATION, APPELLANT,
*v.* ROPER ET AL., RESPONDENTS.

(No. 4,068.)

(Submitted December 13, 1919.   Decided December 29, 1919.)

[188 Pac. 141.]

*Default Judgments—Setting Aside—Granting of Motion—When
Proper—Affidavits of Merits—Verified Answer.*

Default Judgments—Setting Aside—When Proper.
    1.   Where affidavits accompanying a motion to set aside a judgment by default, filed within ten days after its entry, showed that defendants' attorney had prepared a demurrer and intended to file it within the time allowed by statute, but on account of important business engagements elsewhere failed to do so; that during his absence and upon recalling the fact that he had not filed it, he advised one of defendants by letter where the demurrer could be found in his office, with directions to file it, *etc.,* an answer being tendered with the affidavits, the district court did not abuse its discretion in granting the motion.

Same—Answer—General Denials—Affidavits of Merits.
    2.   The fact that the verified answer filed by defendants with their motion to set aside their default consisted of general denials was not a ground for denying the motion, where three affidavits of merits setting forth substantial facts which, if true, constituted a complete defense to the action, were also filed, the answer itself being a sufficient affidavit of merits.   (On Motion for Rehearing.)

Same—Appeal.
    3.   The supreme court is less inclined to reverse an order granting than one refusing an application to open a default.   (On Motion for Rehearing.)

    *Appeal from District Court of Hill County; John W. Tattan, Judge.*

ACTION by the Farmers' Co-operative Association against C. C. and Eglantine L. Roper from an order setting aside defendants' default, plaintiff appeals. Affirmed.

*Messrs. Norris, Hurd & Hall* and *Mr. J. K. Bramble,* for Appellant, submitted a brief; *Mr. Geo. E. Hurd* argued the cause orally.

"Courts in the transaction of business cannot be expected to consult the convenience of litigants and wait upon the private business affairs of counsel." (*Butte Butchering Co.* v. *Clarke,* 19 Mont. 306, 48 Pac. 303; *Storer* v. *Graham,* 43 Mont. 344, 116 Pac. 1011; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac. 456, 852; *Swilling* v. *Cottonwood Land Co.,* 44 Mont. 339, 119 Pac. 1102; *Kersten* v. *Coleman,* 50 Mont. 82, 144 Pac. 1092; *Western Union* v. *Skinner* (Tex. Civ. App.), 128 S. W. 715; *Schultz* v. *Meiselbar,* 144 Ill. 26, 32 N. E. 550; *Ramey* v. *Smith,* 56 Wash. 604, 106 Pac. 160; *Green* v. *Gavin,* 11 Cal. App. 506, 105 Pac. 761; *Cavanaugh* v. *McColl,* 187 Mo. App. 256, 173 S. W. 725; *Kerby* v. *Chadwell,* 10 Mo. 392, 393; *Reynolds* v. *Greensboro etc. Machine Co.,* 153 N. C. 342, 69 S. E. 248; 25 Cyc. 939.)

The only cases which we have found, or which have been called to our attention, *contra* to the rule as above set forth are: *Citizens' Nat. Bank* v. *Branden,* 19 N. D. 489, 27 L. R. A. (n. s.) 858, 126 N. W. 102; *Krause* v. *Hobart,* 173 Iowa, 330, 155 N. W. 279; *Anderson* v. *Leonard,* 51 Ind. App. 14, 98 N. E. 891. These cases are so hopelessly in the minority as to merit little or no attention.

*Mr. Frank N. Utter,* for Respondents, submitted a brief.

On the question whether there is any distinction between neglect of the attorney and neglect of the litigant, the North Dakota supreme court in *Citizens' Nat. Bank* v. *Branden,* 19 N. D. 489, 27 L. R. A. (n. s.) 858, 126 N. W. 102, says: "On the point, however, of what constitutes fault on the part of the moving party and what may be said to constitute surprise, mistake, inadvertence and excusable neglect, the cases are in irreconcilable

conflict." The New York and North Carolina courts hold that, as the party himself is free from fault, the ignorance, forgetfulness or neglect of his attorney will not be imputed to him to such a degree as to prevent relief. North Carolina holds also that the neglect of an attorney to attend to his client's cases is a surprise on the part of the litigant. (*Brown* v. *Hale,* 93 N. C. 188.) Michigan has held likewise in *Loree* v. *Reeves,* 2 Mich. 133. In *Waterson* v. *Seat,* 10 Fla. 326, the court advises that before a litigant should be shut out because of neglect of his attorney, the court ought to be well satisfied that the party may maintain an action against his attorney in the matter, else he will be without remedy.

There is a distinction apparently running through all the Montana cases and all the other cases, to the effect that where there are allegations tending to show that there were other matters engaging the attention of the party or the attorney so that one or the other, or both, might in the ordinary course of business forget to attend to the matter at the proper time, the lower court has either set aside the judgment and been sustained by the higher court, or, if it failed to set aside the judgment, has been reversed by the higher court.

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint in this action was filed in the court below December 20, 1916; service of summons obtained on C. C. Roper, one of the defendants, on that day, and on defendant Eglantine L. Roper on December 28. No appearance having been made by the former, on January 10, 1917, his default was taken, and on January 13 final judgment in the sum of $1,978.91 rendered and entered against him. On January 20, 1917, he filed a motion to set aside his default, supported by his own affidavit, the affidavit of his codefendant, and the affidavit of his attorney, R. E. Hammond. On March 17, 1917, the district court, upon the proof presented, made the order setting aside the default from which plaintiff appeals.

The affidavit of C. C. Roper discloses that on the date of
[1]   service of summons he employed R. E. Hammond, an at-
torney at law residing at Havre, Hill county, to represent him
in the defense of said action; that after he had fully informed
said Hammond of all the facts in his case, he was advised by
him that he had a good defense upon the merits; that he would
prepare, serve and file a demurrer to the complaint in ample
time to protect affiant; that said Hammond had long been a
practitioner before the United States Land Office at Havre, and
was then exceedingly busy, doing an unusual amount of work
on behalf of applicants for entry under the "640 Acre Home-
stead Law," which had just become effective, and because of
important business was obliged to leave the state temporarily;
that affiant was informed and believed that prior to the de-
parture of his said attorney, and at a time when he was not
in default, his said attorney had prepared, served and filed a
demurrer to the complaint, and did not learn that he had in-
advertently failed to do so until January 17, 1917; that said
R. E. Hammond is insolvent, and the damage caused by his in-
advertence cannot be collected by reason thereof.   It further
states that he has also fully and fairly stated all the facts in
the case to his present attorney, F. N. Utter, and is advised by
him that he has a good defense upon the merits.

The affidavit of Eglantine L. Roper sets forth substantially
the same facts, and in addition thereto the following: That she
had employed said R. E. Hammond to represent her in said
action; that he had advised her that the interposition of a de-
murrer to the complaint would be proper, and later, on or
about January 9, 1917, had told her that he had "attended to
the matter and that everything had been taken care of," and
that she believed said statement until January 17 when she was
informed by letter from Hammond that the demurrer he had
prepared was in a certain place in his office, describing it; that
she made search and found it in the place designated.

With the affidavits, an answer was tendered by C. C. Roper,
denying all the allegations of the complaint.   Affidavits were

also filed denying that defendants had at any time entered into the agreement set forth in the complaint, and alleging affirmatively other matters material to a defense to the action upon the merits.

An affidavit was also filed by R. E. Hammond, confirming substantially many of the facts set forth in the affidavits of the defendants, and further stating that in his opinion a demurrer was a proper and necessary pleading to challenge the sufficiency of the complaint because its averments were indefinite and uncertain; that he first recalled that he had not filed the demurrer while en route to Washington, D. C., and immediately wrote a letter informing defendant Eglantine L. Roper "where the demurrer could be found in his office, and requested her to file the same." None of the facts set forth in the affidavits above referred to are controverted, appellant contenting itself with an attack upon their sufficiency to warrant the district court in setting aside the default.

Did the court below abuse its discretion in opening up the default of defendant and permitting him to defend upon the merits? In *Nash* v. *Treat*, 45 Mont. 250, Ann. Cas. 1913E, 751, 122 Pac. 745, Chief Justice Brantly, for this court, laid down the rule that "when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion." By section 6589 of the Revised Codes, the duty to "relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect" in a proper case, is imposed upon the district court, and the presumption that its discretion has been properly exercised is always present in cases of this character. "Whether it [the default] should have been set aside was a matter within the sound legal discretion of the court below, and with its determination we may not interfere, unless there was a manifest abuse of such discretion." (*Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445, citing

many cases from the first to the fortieth of the Montana Reports.)   Even in the case of *Lovell* v. *Willis,* 46 Mont. 581, Ann. Cas. 1914B, 587, 43 L. R. A. (n. s.) 930, 129 Pac. 1052, where the action of the court below in setting aside a default was reversed, this court, in its majority opinion, remarked: "If the affidavit had made a disclosure of facts showing that the character of defendant's business was such as to absorb his attention and was so pressing that the average man would, under similar circumstances, have been likely to forget his other important interests, the conclusion of the court thereon might have been justified." The showing here made, we are satisfied, fully met all the requirements of the statute, and accommodates itself to all the expressed views of this court upon the matter of relief in the circumstances contemplated by the Code section referred to. (*Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693; *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814; *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147.)

In *Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181, it is said: "Each case in which the court is asked to set aside a judgment upon the ground of excusable neglect in the moving party must be decided upon its own facts. The design and purpose of the statute is to further the administration of justice so that the very right upon the merits may be determined, and to that end to grant relief from excusable neglect in cases where diligence is shown in applying promptly for the relief sought, provided the opposite party be not deprived of any advantage to which he may properly be entitled."

The court committed no abuse of discretion in entering the order appealed from, and it is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

ON MOTION FOR REHEARING.

(Submitted January 16, 1920.   Decided March 13, 1920.)

MR. JUSTICE COOPER delivered the opinion of the court.

In appellant's petition for a rehearing we find the following:
[2]   "As we construe the effect of the decision in the case at
bar, hereafter when a defendant desires to set a default against
him aside, all that will be necessary for him to do in the mat-
ter of showing that he has a defense upon the merits is to
tender a general denial of the allegations set forth in the com-
plaint of the plaintiff.   If the rule stated in the *Pearce* and
*Donlan Cases* has been overruled by this court as to the sub-
ject matter under consideration, then we submit that this court
should so state, so that district courts and practicing attorneys
may not be in a quandary as to the law upon the subject matter
under discussion.   *   *   *   Under the rule stated in the opin-
ion in the case at bar, the provisions of the law relative to enter-
ing the defaults of defendants, for practical purposes, becomes
of no force or effect."

Counsel in their petition for a rehearing overlook the fact that
while the answer filed consisted merely of general denials of all
the allegations of the complaint it was accompanied by three affi-
davits setting forth substantial facts, which, if true, constitute a
complete defense upon the merits.   In another respect, too, the
present case differs from the cases relied upon by counsel, in that,
before the time for the appearance of defendant had expired,
they were told by their attorney that "everything had heen taken
care of."   Upon the truth of this statement the defendants re-
lied, assuming, as they had a right to do, that their appearance
had been entered and that they were not then in default.   Be-
cause of the statement of counsel and the absence of negligence
on the part of defendants themselves, the district court rightfully
allowed them a trial upon the merits.   This was in complete har-
mony with the spirit of the statute and the legislative perspective
in its enactment.   In *Scilly* v. *Babcock*, 39 Mont. 536, 104 Pac.
677, counsel for defendant, after being retained, entered upon a

political campaign and forgot the case entirely; and for aught that appears, the defendant himself evinced no greater interest in his defense.

Neither is there merit in the contention that the court should have refused to set the default aside because the proffered answer consisted merely of general denials. In *Merchants Co.* v. *Los Angeles*, 128 Cal. 619, 61 Pac. 277, it is said: "The verified answer was served with the notice of motion and became a part of the moving papers. It contained specific denials of the material allegations of the complaint, and also affirmative matter which, if true, was a complete defense to the action. It was 'duly verified,' and was an answer for each and all of the defendants. It was, therefore, of itself a sufficient affidavit of merit." (See, also, *Smith* v. *McCormick*, 52 Mont., on rehearing, at p. 326.)

It is obvious, that in the determination of matters of this kind, [3] the trial court possesses advantages superior to those enjoyed by this court. Hence it is that this court will be less inclined to reverse an order granting, than one refusing, an application to open a default. This distinction counsel have wholly failed to observe. The complaint alleges an agreement upon the part of defendants to sell, and plaintiffs to purchase, 4,000 bushels of wheat at the price of $1.07 per bushel—an allegation the answer denies. The affidavits of merits deny the making of any agreement whatsoever concerning a sale of wheat, or that defendants ever offered, agreed or promised to sell to plaintiff any wheat at all; set forth the circumstances attending the deposit of 120 bushels intended only for storage in the elevator reputed to belong to plaintiff, an offer on the part of defendants to sell the same to plaintiff for the current market price on said day of $1.80 per bushel, and the refusal by plaintiff of that offer. This showing of a defense raised at least a doubt in the mind of the judge of the district court whether justice would not be better subserved by permitting the case to be tried upon its merits, rather than to deny defendants a trial altogether.

By a casual glance at the cases counsel insist we have overruled, it will appear that relief was denied because the answer

tendered consisted of mere general denials, unsupported by allegations of fact sufficient to enable the court to test the efficacy of the proposed defense.   In the case of *Pearce* v. *Butte Electric Ry. Co.*, 40 Mont. 321, 106 Pac. 563, the opinion states that no affidavit of merits whatever was filed.   In *Vadnais* v. *East Butte etc. Co.*, 42 Mont. 543, 113 Pac. 747, this statement appears in the opinion: ''There is not a word in this entire record to indicate that the defendant had or has any defense whatever to plaintiff's cause of action.   There was not any answer tendered, and the affidavit is silent upon the subject.''   In *Donlan* v. *Thompson Falls etc. Co.*, 42 Mont. 257, 112 Pac. 445, it appears that defendant tendered no answer, but ''contented itself with asking for additional time to answer.''   On page 267 this language will be found in the opinion: ''Nowhere does it appear that the defendants have a meritorious defense to the action.''

We are satisfied that our previous rulings upon the subject matter involved remain unaffected by anything we have said herein, and that the petition for a rehearing should be, and is, denied.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.