ROBINSON, APPELLANT, *v.* PETERSEN, RESPONDENT.

(No. 4,772.)

(Submitted April 13, 1922.   Decided May 1, 1922.)

[206 Pac. 1092.]

*Default Judgments — Setting Aside — Inexcusable Neglect — Motion—Statement of Facts Required.*

Default Judgment—Setting Aside—Discretion.
  1.  An application to set aside a default is addressed to the sound discretion of the trial court and its action will not be disturbed on appeal unless it is manifest that its discretion has been abused, each case being decided upon its own facts.
Same—Setting Aside—Insufficient Showing.
  2.  *Held*, that an affidavit of counsel for defendant in support of his application for vacation of default, that he misunderstood the date upon which the appearance of his client was due and mistakenly supposed it to be at a date ten days later than it actually was, without a statement of any fact or circumstance out of which the misunderstanding arose, was insufficient to move the discretion of the court, and that therefore an order granting the motion was error.
Same—Contents of Motion—Statement of Facts Necessary.
  3.  On motion to set aside a default, the applicant must make a statement of facts from which the court can determine whether or not the mistake, inadvertence, surprise or excusable neglect urged in support of it is within the contemplation of section 9187, Revised Codes of 1921, the bare statement of the conclusion that the default occurred by mistake, *etc.*, being insufficient to move the discretion of the Court.

---

  2.  Whether mere forgetfulness is ground for setting aside default, see notes in Ann. Cas. 1914B, 589; 43 L. R. A. (n. s.) 930.

Same—What Constitutes Gross Neglect.
    4. The failure of defendant to inform his counsel of the date of
    service of summons upon him, and that of counsel in omitting to in-
    quire as to when it was made, constituted gross, not excusable,
    neglect.

*Appeal from District Court, Fergus County; Jack Briscoe,
Judge.*

ACTION by Frank J. Robinson against Julius Petersen,
From an order setting aside a default judgment and permit-
ting the defendant to file a proposed_answer, plaintiff ap-
peals. Reversed.

*Messrs. Belden & De Kalb,* for Appellant, submitted a
brief; *Mr. H. L. De Kalb* argued the cause orally.

The respondent was negligent in not employing counsel
for eleven days after service of summons. Respondent's
attorney was negligent in not taking notice of the date of the
summons, and the showing made by respondent on the motion
to set aside the default was insufficient to give the lower
court any jurisdiction, so that it could exercise its discretion.
The negligence of respondent's attorney is the negligence of
respondent. (*Moore* v. *Horner,* 146 Ind. 287, 45 N. E. 341;
*Reiher* v. *Webb,* 73 Iowa, 559, 35 N. W. 631; *Victor Power
& Min. Co.* v. *Cole,* 11 Cal. App. 497, 105 Pac. 758; *Plaff*
v. *Pacific Exp. Co.,* 251 Ill. 243, 95 N. E. 1089; *Fred Andres
& Co.* v. *Schlueter,* 140 Iowa, 389, 118 N. W. 429; *Poff* v.
*Lockridge,* 22 Okl. 462, 98 Pac. 427; *Payne* v. *Savage,* 51 Or.
463, 94 Pac. 750; *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac.
677.)

The weight of authority sustains the position that no
default will be set aside because it resulted from the attorney's
inexcusable mistake or neglect, in which the question of
whether or not the client was surprised, or was bound by his
attorney's mistake, could have been presented, but was not.
In such cases the claim urged has uniformly been held not
worthy of notice. (*Sherman* v. *Jorgensen,* 106 Cal. 483, 39
Pac. 863; *Thompson* v. *Crescent M. & E. Co.,* 47 Colo. 4, 105

Pac. 880; *Silver* v. *Hull,* 97 Ga. 234, 22 S. E. 578; *Church* v. *Lacy,* 102 Iowa, 235, 71 N. W. 338; *Payne* v. *Savage,* 51 Or. 463, 94 Pac. 750; *McKeough* v. *Gifford,* 30 R. I. 192, 73 Atl. 1085; *Ruff* v. *Doty,* 26 S. C. 173, 4 Am. St. Rep. 709; *Wooley* v. *Sullivan* (Tex.), 45 S. W. 377; *Peterson* v. *Crosier,* 29 Utah, 235, 81 Pac. 860; *Ramey* v. *Smith,* 56 Wash. 604, 106 Pac. 160.)

The showing made by respondent does not show any attention whatever given to the case, either by counsel or respondent. It should be made to appear that the attorney gave the matter at least such attention as a man of ordinary prudence gives to his important business.

*Messrs. Cheadle & Cheadle,* for Respondent, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

Citing: *Voelker* v. *Golden Curry Con. Min. Co.,* 40 Mont. 467, 107 Pac. 414; *Pengelly* v. *Peeler,* 39 Mont. 29, 101 Pac. 147; *Nash* v. *Treat,* 45 Mont. 250, Ann. Cas. 1917E, 751, 122 Pac. 745; *Jensen* v. *Barbour,* 12 Mont. 566, 31 Pac. 592.

It is submitted that the statement of appellant that the showing made by respondent does not show any attention whatever given to the case, either by counsel or respondent, is wholly unjustifiable. It is shown that respondent called upon his attorney with reference to the case and that the attorney advised him with reference thereto, and it is established without contradiction that the reason why default occurred was caused by mistake of counsel as to the date when appearance was due. The answer of respondent discloses a good and sufficient defense to the complaint of appellant.

HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, delivered the opinion of the court.

Plaintiff below, appellant here, instituted this action in the district court of Fergus county on May 27, 1920. Summons

was duly issued, and on June 4 regularly served upon defendant. On June 25 default was taken, proof made, and judgment entered. August 7 defendant served and filed his notice of motion to vacate and set aside the default and judgment, which motion was supported by affidavit of his counsel and he tendered therewith his proposed answer. Pursuant to said notice the motion was heard on August 16, and on September 2 the court made its order, sustained the same, setting aside the default and judgment, and permitting the proposed answer to be filed. This appeal is from that order.

Counsel's affidavit offered in support of the motion was the only showing upon which the court made the order appealed from. The affidavit, after reciting that affiant is an attorney at law, sets forth: "That on or about the fifteenth day of June, 1920, the defendant in the above-entitled action retained him as such attorney at law to appear for him in the said cause; affiant further says that he misunderstood the date upon which the appearance of defendant in said action was due, and mistakenly supposed it to be the fifth day of July, 1920; that in fact the said appearance was due on the twenty-fourth day of June, 1920, as affiant learned upon examination of the register of actions in the office of the clerk of the above-entitled court; that, when affiant discovered the true date at which the said defendant was required to appear in the said action, it was subsequent to the said twenty-fourth day of June, 1920."

Section 6589 of the Revised Codes of 1907 provides: "The court may, in furtherance of justice, * * * upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

The question for our determination is: Has the defendant, [1] by the above affidavit, brought himself within the provisions of the statute? If he has done so, this court will not interfere, for it has repeatedly said that every such case must

be decided upon its own facts, and that an application to set aside a default is addressed to the sound discretion of the trial court, and its action will not be disturbed by this court unless it is manifest that its discretion has been abused. (*Hegaas* v. *Hegaas,* 28 Mont. 266, 72 Pac. 656; *Greene* v. *Rowan,* 29 Mont. 263, 74 Pac. 456; *Donlan* v. *Thompson Falls C. & M. Co.,* 42 Mont. 257, and cases cited on page 266, 112 Pac. 445.)

The affidavit shows that defendant employed counsel to [2] defend this action; that he (counsel) misunderstood the date upon which the appearance of defendant was due, and mistakenly supposed it to be the 5th of July instead of the twenty-fourth of June. It does not state a single fact that would or could cause him to misunderstand, nor a single fact that would or could cause him to mistakenly suppose that he had until the 5th of July in which to make an appearance, and in his argument here he frankly admitted that he supposed that the papers had been served on the defendant on the fifteenth day of June, the day defendant retained him, but no reason whatsoever was given for this supposition. We are left, then, to do the impossible—base a presumption upon a presumption—to presume that counsel presumed that defendant had been served with process that day.

An examination of the record in all of the cases cited by defendant discloses that the affidavit or affidavits in each case recited facts upon which the conclusion of excusable neglect was drawn. In *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147, from which he quotes at length, we find that the record discloses an affidavit of facts showing a mistake of counsel occasioned from a conversation with defendant. In *Voelker* v. *Gold Curry Con. Min. Co.,* 40 Mont. 466, 107 Pac. 414, the affidavit shows that the mistake occurred in transcribing a date from a written stipulation into a day-book kept by counsel, and that, after the making of the entry in the book, the stipulation was mailed to the clerk of court in a distant town, and counsel relied upon the erroneous book entry for his

date upon which to make appearance. In *Jensen* v. *Barbour,* 12 Mont. 566, 31 Pac. 592, the affidavit recites that the mistake was occasioned by the fact that leap year had added another day to February, and counsel had inadvertently miscalculated his time on that account. In each case the facts stated disclose a mistake that reasonable men might make under like circumstances, and such mistakes were held to be excusable neglect.

The universal rule is that there must be a statement of facts [3] so that the court can determine whether or not the mistake, inadvertence, surprise or excusable neglect urged in support of the motion is within the contemplation of the statute. (*Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739; *Schaeffer* v. *Gold Cord Min. Co.,* 36 Mont. 410, 93 Pac. 344; *Pearce* v. *Butte Elec. Ry. Co.,* 40 Mont. 321, 106 Pac. 563; *Vadnais* v. *East Butte E. C. Min. Co.,* 42 Mont. 543, 113 Pac. 747; *Lovell* v. *Willis,* 46 Mont. 581, Ann. Cas. 1914B, 587, 43 L. R. A. (n. s.) 930, 129 Pac. 1052; *Kersten* v. *Coleman,* 50 Mont. 82, 144 Pac. 1092; *State ex rel. Smotherman* v. *Dist. Court,* 50 Mont. 119, 145 Pac. 724; *Delaney* v. *Cook,* 59 Mont. 92, 195 Pac. 833.) This has always been the construction by this court of section 6589, *supra,* upon which the defendant's right to relief is predicated. In the furtherance of justice, and that every man may be heard to make his defense, this rule has been liberally construed (*Jensen* v. *Barbour,* 12 Mont. 566, 31 Pac. 592; *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147; *Greene* v. *Mont. Brewing Co.,* 32 Mont. 102, 79 Pac. 693; *Voelker* v. *Gold Curry Con. Min. Co.,* 40 Mont. 466, 107 Pac. 414; *Farmers' Co-operative Assn.* v. *Roper,* 57 Mont. 42, 188 Pac. 141; *Beadle* v. *Harrison,* 58 Mont. 606, 194 Pac. 134), but in all cases facts, not conclusions, have been stated.

However, in the instant case no fact is stated other than the employment of counsel, which the record did not show before the filing of the motion and affidavit. The mere statement that a mistake was made or a misunderstanding had without showing a single fact or circumstance out of which

it grew is nothing more than a bald legal conclusion. The reasons and the causes and the excuses for the mistake, inadvertence, surprise or excusable neglect are the matters which concern the court. Mistake, inadvertence, surprise or excusable neglect in the abstract are no plea upon which to set aside a default. The court must be made acquainted with the reasons for the same, and, if satisfactory, will act upon them; but if the mistake, inadvertence, surprise or excusable [4] neglect is wholly inexcusable, as if it arises from gross negligence, as in this case, the court cannot look upon it kindly. We say gross negligence because the only inference that can be drawn here is that defendant neglected to inform counsel of the date of the service of summons, and counsel in turn neglected to inquire of defendant and ascertain for himself the date of service. Each neglected to do the very thing he should have done under the circumstances.

If the judgment in this case could be set aside upon the showing made, then any judgment by default could be set aside for the simple asking.

The showing was insufficient to bring defendant within the provisions of section 6589, *supra.* There was nothing before the trial court to move its discretion in the premises.

The order appealed from is reversed.

*Reversed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.