### GALLAGHER v. KEATING et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. MUNICIPAL CORPORATIONS—TAXPAYERS' SUITS—STREET RAILROADS.

Under Code Civ. Proc. § 1925, supplemented by Laws 1892, c. 301 (Rev. St. [9th Ed.] p. 2530), authorizing taxpayers to sue to prevent illegal official acts, a taxpayer who does not or will not sustain special injury cannot sue to restrain the illegal erection by a railroad company of an obstruction in a street, where the officials have already granted permission for such erection, and nothing further remains for them to do in the matter.

2. SAME.

Nor can a taxpayer sue to restrain the illegal erection of an obstruction in a street merely because the city officers improperly fail to do so.

Appeal from special term, Kings county.

Action by John Gallagher against John P. Keating, commissioner of highways, and others, to restrain the erection of an elevated railway structure in the borough of Brooklyn. From an order denying a motion to continue a preliminary injunction and dissolving the same, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Isaac M. Kapper, for appellant.
William J. Kelly, for respondent Long Island R. Co.
George W. Wingate, for respondent receiver of Brooklyn El. R. Co.

WILLARD BARTLETT, J. I think that the order appealed from should be affirmed, on the ground that the plaintiff failed to make out a case authorizing the court to restrain the proposed action of public officers at the instance of a taxpayer suing merely in that capacity. The legislation designed to enable taxpayers to maintain suits to prevent illegal official acts on the part of public officers, or to prevent the waste of public funds, was fully reviewed and its effect considered by the court of appeals in the case of Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263, and the conclusion was there

reached that the right of a taxpayer to sue public officers is confined to cases "where the acts complained cf are without power, or where corruption, fraud, or bad faith, amounting to fraud, is charged." There has been no change in the statutes on the subject which affect this conclusion since that decision was rendered. Code Civ. Proc. § 1925; Laws. 1892, c. 301; 3 Rev. St. (9th Ed.) p. 2530. In the case of Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471, it is declared that the suit authorized by section 1925 of the Code is one which a taxpayer may bring against a public officer "because of some fraud or bad faith on his part, or to restrain some illegal action." The theory upon which the present suit was brought is that the plaintiff, as a taxpayer, is entitled to maintain it to restrain the illegal official acts of the commissioner and deputy commissioner of highways of the city of New York in granting to the Long Island Railroad Company permission to open certain streets in the borough of Brooklyn for the purpose of building a turn-out and foundations for elevated railroad columns therein. It appears from the complaint and papers, however, that these officers had issued the permits in question more than a week before the commencement of this action. Whatever they had to do with the proposed erection of an elevated railroad structure on Atlantic avenue had been done already. There was no allegation in the complaint that those officers contemplated doing, or proposed to do, or had threatened to do anything further. The plaintiff simply sought to avail himself of what he claims to have been their illegal action in the past in granting these permits as a basis for maintaining, in his capacity as a taxpayer, an injunction suit against the Long Island Railroad Company and the receiver of the Brooklyn Elevated Railroad Company, which he could not otherwise maintain. He does not claim to be an abutting property owner specially injured by the erection of the elevated railroad structure on Atlantic avenue; but, by making his suit in form a suit to restrain the alleged illegal official acts of public officers (although, in fact, the acts thus attacked have already been fully performed), he seeks to obtain the same standing in court as could be asserted by a specially injured abutting property owner.

The legislation concerning taxpayers' actions was not intended to break down the established rule that suits to restrain common nuisances can be maintained only by the public authorities, or by private persons who show that they have suffered, or are likely to suffer, special injury therefrom. Here the only official action that could be the object of attack was completed before the suit was begun. Hence it could no longer be the subject of restraint (assuming it to have been illegal when performed); and, if there was no illegal official action to restrain, there was no ground upon which the plaintiff, merely as a taxpayer, could maintain this action as against the railroad companies. Assuming that the railroad companies had not procured the permits which the plaintiff denounces as illegal, and had nevertheless proceeded with the erection of the elevated railroad structure, the city, it is said, could have stepped in and stopped that. Hence it is argued in the brief for the appellant that, if the city neglected to do so, "the taxpayer could restrain the erection of the illegal struc-

ture, and, by making the city and its officials party defendants, and demanding judgment, not only that the illegal encroachment be restrained, but that the city officials themselves be mandatorily restrained from permitting the illegal act to go on, bring about the same result by direct action in equity, which a previous demand upon the city officials to step in and do their duty, followed by a mandamus to that end, would have accomplished." In the various enactments enabling taxpayers to prosecute public officers, I have not been able to find anything which sustains this view. In none of those statutes does the language warrant the conclusion that a taxpayer is authorized to bring an injunction suit against private persons or corporations upon the theory that a public officer ought to have brought such an action, and that upon his failure to do so the taxpayer may step into his place and prosecute the same as plaintiff. The questions involved in this litigation, in regard to the rights of the defendant railroad companies to the occupation of Atlantic avenue, are important; but I do not think we ought to express an opinion upon the merits in a case in which the plaintiff has failed to establish any right on his part, as a taxpayer, to maintain the action, so far as the railroad companies are concerned.

I advise the affirmance of the order appealed from.

Order affirmed, with $10 costs and disbursements. All concur.