### HIGGINS v. NEW YORK DOCK CO.

(Supreme Court, Special Term, Kings County. January 8, 1912.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT—TIME TO MAKE.

A motion for judgment on the pleadings authorized by Code Civ. Proc. § 547, providing that, where either party is entitled to judgment on the pleadings, the court may on motion at any time after issue joined give judgment, is properly made at the special term for motions, and it need not be made at the special term for trials.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NUISANCE (§ 72*)—PUBLIC NUISANCE—REMEDIES OF PRIVATE PERSONS.

An individual cannot maintain an action to abate a public nuisance, unless he shows a special ·injury peculiar to himself.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 164–169; Dec. Dig. § 72.*]

3. NUISANCE (§ 72*)—PUBLIC NUISANCE—REMEDIES OF PRIVATE PERSONS.

An individual praying for an injunction to restrain defendant from operating a railroad across two streets between a third street and the water line showed that he had been engaged in the liquor and catering business on another street some distance from the tracks, and that when in business excursion boats used a dock at the foot of the two streets, and that he realized large profits from the privilege of selling liquor and meals on excursion barges; that, by reason of the tracks, excursion barges had abandoned the dock; that, if the tracks were removed, the excursion barges would come back, and he would return to his former place of business, and engage in such business and make contracts with excursionists, with profit—did not show a special injury, and he could not maintain a suit for the abatement of the public nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 164–169; Dec. Dig. § 72.*]

Action by George A. Higgins against the New York Dock Company. Motion by defendant for judgment on the pleadings granted. See, also, 137 App. Div. 823, 122 N. Y. Supp. 465.

Charles E. Hotchkiss, for the motion.
Joseph F. Conran, opposed.

KELLY, J.  [1] The defendant moves for judgment on the pleadings as provided in section 547, Code Civ. Proc. Such motion is properly made at the special term for motions. While the questions involved are similar to those raised by demurrer, this section was added to the Code in 1908, providing for a speedy determination of the question of the sufficiency of pleadings. Mitchell v. Dunmore Realty Co., 135 App. Div. 583, 120 N. Y. Supp. 771; White v. Gibson, 61 Misc. Rep. 436, 113 N. Y. Supp. 983; Schlesinger v. Goldsticher, 135 App. Div. 435, 120 N. Y. Supp. 333. The plaintiff's objection that the motion should be made at the special term for trials is therefore overruled.

The plaintiff demands judgment that a perpetual injunction issue against the defendant restraining it from operating a railroad across Sullivan and King street, between Ferry street and the water line of New York Bay in the Twelfth ward of the borough of Brooklyn, and compelling defendant to forthwith remove the tracks and other appurtenances of the railroad from the streets in question. It is charged in the complaint that defendant has no right to maintain and operate the railroad across the streets in question, and that it is a public nuisance. The defendant bases its motion for judgment upon the failure of the plaintiff to allege any special damage entitling him to maintain the action. He is not an abutting owner, and defendant insists that the absence of individual interest, disclosed in the complaint, amplified by the bill of particulars, shows that he has no right to maintain the action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] That an individual cannot maintain an action to abate a public nuisance, unless he shows some special injury peculiar to himself, is well settled. Gallagher v. Keating, 40 App. Div. 81, 57 N. Y. Supp. 632, 1123; Ft. Plain Bridge Co. v. Smith, 30 N. Y. 44; Adler v. M. E. R., 138 N. Y. 173, 33 N. E. 935; Kavanagh v. Barber, 131 N. Y. 211, 30 N. E. 235, 15 L. R. A. 689. The removal of public nuisances lies with the public authorities. The plaintiff appreciates this, and he sets forth his own particular grievance.

[3] This railroad runs along the water front on the docks, connecting the various storage warehouses of the defendant company. The dispute between the parties evidently is whether King street and Sullivan street run down to the water across the defendant's docks and bulkhead. The plaintiff claims that they do. Defendant insists that they do not.

Plaintiff alleges that he had been engaged for many years in the liquor, restaurant, and catering business at 14 Hamilton avenue, a locality some distance removed from the locus in quo. It will be noticed that the allegation is in the past tense. He was not engaged in business at this point at the date of the commencement of the action, and his bill of particulars shows that he gave up business there five years prior thereto. He lives at Ocean Parkway and Ninety-Seventh street, many miles away from the locality. The allegations in the complaint therefore concerning interference with his business do not relate to any existing conditions which justify injunctive relief.

In substance, his claim is that, when he was in business at 14 Hamilton avenue, excursion boats and barges used the dock at what he describes as the foot of King and Sullivan streets. He says that he bought, "and will in the future buy, the privilege of selling drinks and meals on many excursion barges and realized large profits therefrom"; that said excursion barges, for many years prior to the construction of defendant's railroad, started from these docks, but he alleges, in paragraph 9, that because of the obstruction to the street, the excursion barges abandoned the docks and went elsewhere. He has therefore lost the profit resulting from his dealings with the excursionists. So far as he alleges any use of the streets, he couples it with an averment that it was for the delivery of goods to the excursion barges. Referring again to the bill of particulars, we see that this removal of the excursion barges must have occurred at least five years before the commencement of the action.

Plaintiff's theory advanced upon the argument was that, if the tracks are removed, the excursion barges will come back, he will return to Hamilton avenue, re-engage in his liquor business, will be able to make contracts with the excursionists with resulting profits, and this expectation as to the future with all the manifest contingencies, gives him, as he insists, a standing to champion the public cause against the unlawful appropriation of the streets. I think not. The case is very like Gallagher v. Keating, supra, where it was held that the plaintiff suffered no special injury, and could not be heard to urge the removal of a public nuisance. He is not an abutting

owner, he has no business interest in the locality, and has no use for the alleged streets different from every other citizen. Without in any way passing upon the legality of the defendant's actions, I cannot see how the plaintiff can insist that the operation of the railroad shall be enjoined and the tracks removed.

The defendant's motion for judgment on the pleadings is therefore granted.