Caroline C. Towner, Plaintiff, *v.* Elizabeth Cary, Also Known as Elizabeth M. Carey, John J. Gardiner and Howell P. Wilber, Defendants.

(Supreme Court, Albany Special Term, March, 1918.)

Foreclosure — of mortgages — deeds — damages — pleading — actions — motion for judgment on the pleadings when granted.

Where in a foreclosure action the plaintiff only seeks to cut off whatever interest one of the defendants may have by reason of the conveyance to her of the mortgaged premises subject to the mortgage, allegations in the answer of said defendant denying that she was under any obligation to comply with the conditions of the mortgage and alleging that she had no knowledge of the conveyance to her and that the execution and recording thereof was an effort to cheat her and that she had begun an action to recover damages from those who sought to defraud her, are not material and plaintiff's motion for judgment on the pleadings will be granted.

The plaintiff moves for judgment on the pleadings and for an order appointing a referee to compute the amount due of principal and interest upon mortgage for the foreclosure of which this action is brought.

Neile F. Towner, for plaintiff.

Esther H. Goodstein, for defendant Carey.

Rudd, J. The affidavit by the attorney for the plaintiff alleges that there is unpaid upon the amount secured by the mortgage principal of $2,500 with interest thereon; that none of the defendants are absentees, infants or persons of unsound mind; that all defendants are in default in pleading save defendant Elizabeth M. Carey, who has interposed an answer under which the question here submitted arises.

The complaint alleges that the defendants John J. Gardiner and Howell P. Wilber executed and delivered to plaintiff their bond and a mortgage accompanying the same to secure the sum of $2,500.

In the 5th paragraph of the complaint it is alleged that after the giving of the mortgage the mortgagors, the defendants Gardiner and Wilber, conveyed the premises covered by the mortgage to the defendant Elizabeth M. Carey and that the premises were conveyed subject to the mortgage above mentioned.

Elizabeth M. Carey is made a party defendant and files an answer in which she denies the allegations of the 5th paragraph of the complaint; denies that she failed to comply with the conditions of the bond and mortgage; denies that she was under any obligation to comply therewith and further avers that she had no knowledge of the alleged conveyance and that the execution and recording of the deed of conveyance was an effort to cheat the defendant Carey, and further that she had begun an action to recover damages from those who have thus sought to defraud her.

As the record holder of the title she was made a party defendant to cut off any interest she might have and no other demand is made against her.

The question is what issue is raised by the answer of defendant Carey.

The plaintiff moves under section 547 of the Code of Civil Procedure for judgment upon the pleadings.

This is a trial of the action upon the pleadings. It

is made at Special Term without the delay which would come by awaiting the reaching of the cause at Trial Term and is analogous to a motion made at the opening of the trial.

In presenting the question which here arises argument must be had in order to test out the sufficiency of the answer as a defense to the cause of action set forth in the complaint.

The plaintiff must make the grantee, named in an instrument made and filed subsequent to the making of the mortgage sought to be foreclosed, a defendant in foreclosure.

Whether the deed was accepted by the defendant Carey is of no effect so far as the right of the plaintiff is concerned who seeks a foreclosure, for the reason that the plaintiff seeks no relief as against the defendant Carey, asks no judgment against her for deficiency or otherwise, and only seeks to cut off any interest which she may have as the record holder and that is of no concern to her, for she avers that she has no interest or obligation.

The section under which this motion is made is intended to prevent unnecessary delay in reaching a determination which often can be had upon the pleadings by motion, as well as by the more cumbersome method of the Trial Term.

The judgment sought by this method may be interlocutory or final. *White* v. *Gibson,* 61 Misc. Rep. 436.

The defendant Carey calls our attention to an authority that " when there is any material issue of fact judgment on the pleadings is improper."

That must be true, and the question to be determined is whether the allegation is material.

A material allegation as applied to pleading must be understood as meaning an issue of fact or law which so far as relates to the particular cause of action to which the allegation refers will decide the cause. *Newman* v. *Otto,* 6 N. Y. Super. Ct. 668.

Tested by this definition and having in mind the relation which the defendant Carey bears, the allegations of the answer are not material and the plaintiff would be entitled upon the trial, if the answer was taken seriously, to an interlocutory judgment upon the same proof which is here made by the affidavit showing regularity and default.

An order may be entered granting judgment upon the pleadings in favor of the plaintiff and providing for taking proof by a referee of the amount due to the plaintiff upon the mortgage.

Ordered accordingly.