HAGGIN, Respondent, v. LORENTZ et al., Appel-
LANTS.

[Argued April 10, 1893.  Decided October 16, 1893.]

JUDGMENT—*Default—Motion to vacate.*—It is not an abuse of discretion to refuse
to open a default when it appears that defendant's counsel was present in
court when his motion to strike out was denied, and an order made to answer
in ten days; where such counsel asserted that, after filing such motion he had
no further notice of the proceedings, or of any action of the court in said
cause for more than a month after the judgment was rendered; that for sev-
eral months prior to the rendition of the judgment, and at the time thereof,
he was ill, and during such time had an understanding with all attorneys
practicing at that bar that none of his cases should be set for trial without
notice to him, or until other counsel could be employed, in which arrangement
he believed plaintiff's attorney was included, but which plaintiff's attorney
denied, there having been ample time for the substitution of counsel had it
been necessary, and it not appearing that defendant's counsel was not so far
disabled as to prevent his being about to a considerable extent during the
period mentioned, and counseling with defendant.

EJECTMENT—*Damages—Pleading.*—A general allegation in a complaint that plain-
tiff has suffered damage in the sum of five hundred dollars, by reason of de-
fendant's wrongful ouster and withholding possession, will admit evidence of
some damage, and an objection that the complaint is insufficient to sustain a
judgment for damages, will not be sustained on appeal where the judgment-
roll alone is before the court for review, and there is nothing from which the
court can judge whether the proof received was germane to the allegation and
the damages provable thereunder.

*Appeal from Third Judicial District, Deer Lodge County.*

Ejectment.   Plaintiff had judgment below on default.   De-
fendant's motion to open default was denied by DURFEE, J.
Affirmed.

Statement of the case by Mr. Justice HARWOOD.

This case stands for review on appeal from the judgment,
and from an order entered after judgment overruling appel-
lants' motion to set aside and vacate the judgment and open
the default therein entered against defendants.

The action is in the nature of ejectment to recover possession
of a certain piece of land, particularly described, situate in
Deer Lodge county, of which plaintiff avers ownership in fee
since June 27, 1885, and that he is entitled to the possession
thereof; that the defendants are now, and have been since
September 1, 1888, wrongfully in possession and withholding
the same from plaintiff, to his damage in the sum of five hun-

dred dollars. The complaint was filed September 27, 1890, and refiled, as amended, November 8, 1890.

The record shows that defendants appeared and filed demurrer to the complaint November 19, 1890, on the alleged ground that the complaint fails to state facts sufficient to constitute a cause of action. This demurrer appears to have been overruled January 19, 1891. The next move of defendants was on January 21, 1891, when they filed a motion to strike out certain designated portions of the amended complaint, which motion was overruled on September 28, 1891, during the September term of trial court; whereupon defendants were granted " up to and including October 8th to file answer." Thereafter, on October 17th, during the session of the trial court, no answer having been filed, on motion of plaintiff's counsel default of defendants and each of them was duly entered, and thereupon, after hearing testimony as to alleged damages for withholding possession of said premises, judgment was entered against defendants for recovery of possession of said premises, together with five hundred dollars damages for wrongful withholding thereof, and costs of suit. This judgment appears to have been rendered and entered October 17, 1891. Thereafter, on February 27, 1892, defendant Lorenz moved the trial court to set aside said judgment and open the default entered against him, accompanying said motion with his separate answer to the complaint, together with affidavits in support of said motion, the substance of which affidavits will be discussed in the opinion following. Respondent opposed said motion, and filed certain affidavits in opposition thereto. The motion was overruled.

*Brantly & Scharnikow*, for Appellant.

I. When a party applies promptly for relief after he has notice of the judgment, and has not been guilty of gross laches, and his affidavits and answer present a meritorious defense, the court should not hesitate to set aside a default and allow him to file his answer. (*Haggerty* v. *Walker*, 21 Neb. 596; *Griswold Linseed Oil Co.* v. *Lee*, 1 S. D. 531; 36 Am. St. Rep. 761; *Taylor* v. *Trumbull*, 32 Neb. 508; *Buell* v. *Emerich*, 85 Cal. 116; *Malone* v. *Big Flat G. Min. Co.*, 93 Cal. 384; *Reidy*

v. *Scott*, 53 Cal. 69.) The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment upon the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion, it is better, as a general rule, that the doubt should be resolved in favor of the application. ( *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 20; *Cameron* v. *Carroll*, 67 Cal. 500; *Dougherty* v. *Nevada Bank*, 68 Cal. 275.) A party should not be allowed to take advantage of another's mistake or inadvertence so as to deprive him of a trial on the merits, especially when he relies upon a stipulation by which he failed to prevent a default; and this, whether there was actually such a stipulation or not, if the default was entered because of such reliance. (*Johnson* v. *Sweeney*, 95 Cal. 304.)

II. The complaint is not sufficient to sustain the judgment for the reason that there is no allegation of ownership at the time the suit was brought.

The allegation that a good and sufficient deed was executed to plaintiff in 1885 is not a sufficient allegation of ownership in 1888, the date of alleged ouster.

The allegation that "plaintiff has been, and yet is, entitled to the sole and exclusive possession and enjoyment of," etc., is a legal conclusion and not an allegation of a fact. (*Meyendorf* v. *Frohner*, 3 Mont. 323; *Payne* v. *Treadwell*, 16 Cal. 221.)

III. Plaintiff cannot recover any but nominal damages, no allegation for rents and profits having been made. (*Payne* v. *Treadwell*, 16 Cal. 221; Sedgwick and Waite on Trial of Title to Land, §§ 61, 454 and 653, and cases cited.)

Judgment for damages is not sustained by the complaint, for the reason that there is no allegation that plaintiff is owner, or ever was in possession. (Sedgwick and Waite on Trial of Title to Land, § 454; *Garner* v. *McCullough*, 48 Mo. 318.)

*George B. Winston*, for Respondent.

I. In making the order refusing to set aside the judgment, the court below was only required to exercise proper discretion, and the order must be so plainly erroneous as to amount to an abuse of discretion to justify interference on the part of the appellate court. (*Bailey* v. *Taaffe*, 29 Cal. 422; *Coleman* v.

*Rankin,* 37 Cal. 247; *Elmer* v. *Mitchell,* 75 Wis. 358; *Mulhouland* v. *Heyneman,* 19 Cal. 605; *White* v. *Northwest Stage Co.,* 5 Or. 99.)

Neglect of attorney is neglect of client. (*Spaulding* v. *Thompson,* 12 Ind. 477; 74 Am. Dec. 221; Freeman on Judgments, 3d ed., § 112.)

II.   Allegations of time as to seisin, ownership, or ouster, are immaterial. (*Salmon* v. *Symonds,* 24 Cal. 260; *Kidder* v. *Stevens,* 60 Cal. 414.)

The possession follows the legal title. (*Davis* v. *Clark,* 2 Mont. 394; *Lamme* v. *Dodson,* 4 Mont. 587.)

III.   Under the allegation of damages in the complaint, plaintiff could recover damages for withholding the property, and for any damage to the property, and any damage other than for rents and profits. (Code Civ. Proc., § 86, div. 1, Comp. Stats; *Martin* v. *Durand,* 63 Cal. 39.)

HARWOOD, J.—This court is unable to find in the affidavits filed in support of the motion to set aside default a showing of facts sufficient to warrant a reversal of the ruling of the trial court thereon.   The action was pending more than a year before judgment was entered.   Defendants' demurrer having been overruled, their counsel interposed a motion to strike out certain portions of the complaint, which motion was overruled; whereupon defendants were granted ten days within which to file an answer.   When that order was made, as appears from the affidavit of respondent's counsel, one of the appellants' attorneys was present within the bar of the court; and this is not directly disputed by the affidavits filed in support of the motion to set aside said default, although defendants' counsel affirms in his affidavit "that, after filing said motion to strike out portions of the complaint, affiant had no further notice of the proceedings in said cause, and did not know of the action of the court in overruling said motion, nor any action of the court in said cause, for more than a month after the rendition of the judgment therein."

There is no law or rule of practice requiring the court or plaintiff's counsel to notify defendant or his counsel of each proceeding in an action during the course of its adjudication

after defendant has been served with summons or appeared therein; and in this particular case defendant cannot complain if he and his counsel failed to keep themselves informed of the proceedings in said action as the same lawfully and regularly progressed, unless there was some special stipulation disregarded or violated, whereby defendant or his counsel was misled, which is not shown in this case.

Defendants' counsel affirms, in his affidavit in support of the motion to open said default, that some time during the month of April, 1891, he became sick, so that he could not attend to business; that said disability continued during the summer and autumn months of that year; that during the time of his illness affiant had a general understanding with all the attorneys practicing at said court that none of the causes in which he was employed as attorney would be set for trial without notice to him, or until other counsel could be employed by the client represented by affiant; "and that he believes plaintiff's attorney was included" in such understanding. There is no positive assertion in this affidavit, or any other filed in support of the motion to open said default, that such an arrangement had been entered into by plaintiff's counsel; and plaintiff's counsel positively denies in an affidavit that such stipulation or arrangement was ever sought from him or entered into by him.

In view of this showing, we think the court was justified in disregarding the alleged stipulation or agreement as an unauthorized assumption, which was evidently the view taken of it by the trial court in overruling the motion to open the default. It appears from his affidavit that defendants' counsel was not so far disabled as to prevent his being about to a considerable extent during the period mentioned, and that he counseled with his client about this case; and it is clearly shown that, even in the absence of a stipulation, ample time was given for substitution of counsel if defendants' counsel, after so long delay, was unable to represent him therein. Considering all the circumstances, we find no abuse of discretion in the order of the trial court denying appellants' motion to set aside the default entered against them.

Appellants urge the further point that the complaint is

insufficient to sustain the judgment for damages entered against them. This point cannot be sustained. It is true the complaint contains only a general allegation, to the effect that plaintiff has suffered damage in the sum of five hundred dollars, by reason of the wrongful ouster and withholding possession of said premises by defendants during the time alleged. Under such general allegation some damage may be proved, and on this appeal from the judgment, with the judgment-roll, only, upon review, we are not in possession of any showing whereby we can judge whether the proof received was germane to the allegation and the elements of damage which may be proved thereunder. (Code Civ. Proc., § 86; 3 Sutherland on Damages, § 991; Boone on Code Pleading, § 184; *Dimick* v. *Campbell*, 31 Cal. 239; *Miller* v. *Myles*, 46 Cal. 536; *Martin* v. *Durand*, 63 Cal. 39.)

The judgment must therefore be affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.