SWILLING ET AL., RESPONDENTS, *v.* COTTONWOOD LAND CO., APPELLANT.

(No. 3,039.)

(Submitted December 11, 1911.   Decided December 23, 1911.)

[119 Pac. 1102.]

*Default Judgments—Setting Aside—Excusable Neglect—Discretion.*

Default Judgments—General Order—Effect.
1. An order, general in terms, denying a motion to set aside a default judgment has the effect of findings in favor of the plaintiff upon every disputed question of fact, and such findings are conclusive upon appeal.

Same—Diligence in Movant.

2.   One who appeals to the discretion of the trial court to relieve him from a default judgment must show that he proceeded with diligence upon discovering his default.

Same—Discretion.

3.   The supreme court will not interfere with an order of the district court in a proceeding looking to the vacation of a default judgment, unless a manifest abuse of the sound legal discretion lodged in the lower court is shown.

Same—Inexcusable Neglect—Case at Bar.

4.   Defendant had about seventy days in which to file its answer. It defaulted, and in the affidavit of its attorney in support of a motion to vacate the judgment he alleged that he had entered a notation on his office calendar for the day (December 3) preceding the due date of the answer that on the following day the answer must be filed; that on December 7 his residence was burglarized, causing him to be much excited; that on the 8th, during his absence from his office, his wife inadvertently removed the page of the calendar upon which the notation had been made, and that because of these facts he neglected to file an answer. The motion to vacate was not made until nearly a month after counsel became aware of the entry of judgment. *Held,* that such abuse of discretion in the district court had not been shown as to warrant a reversal of its order refusing to set aside the judgment.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by S. R. Swilling and another against the Cottonwood Land Company. From a judgment for plaintiffs, and from an order refusing to set aside a default, defendant appeals. Affirmed.

*Messrs. Freeman & Thelen,* for Appellant, submitted a brief; *Mr. John N. Thelen* argued the cause orally.

In behalf of Respondents, *Mr. J. W. Speer* submitted a brief; *Mr. E. L. Sutton,* of counsel, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant appealed from a judgment and from an order of the district court refusing to set aside a default.

The action was commenced on September 28, 1910. On October 13 the defendant filed a demurrer to the complaint and a motion for change of venue. The motion was denied and the demurrer noticed for hearing, but on November 19 counsel for

the respective parties stipulated that the demurrer should be withdrawn, and defendant given to and including December 9 within which to answer. An answer was not filed, and on December 12 a judgment by default in favor of plaintiff was rendered and entered. On January 12, 1911, defendant filed its motion to set aside the default, supported by the affidavit of J. N. Thelen, one of the attorneys for the defendant, and accompanied by a proposed answer. In this affidavit the affiant states that at the time the stipulation was made he entered upon his office calendar for December 8 a notation that the answer in this case would be due on the following day (December 9); that on December 7 his residence was burglarized; that on December 8 the wife of affiant went to his office, and in his absence used his calendar sheet for December 8, and removed it, thereby removing the notation which he had made as to the due date of the answer in this case; that affiant was much excited over the burglary, and by reason thereof, and by reason of the fact that the notation was removed from his office calendar, he neglected to prepare and file an answer within time. J. W. Speer, attorney for the plaintiff, filed a counter-affidavit, and this was followed by another affidavit by Mr. Thelen, and this by another by Mr. Speer. A great amount of matter entirely foreign to the question which the trial court had to determine was unnecessarily dragged into the record. There are charges of unprofessional conduct and very sharp conflicts as to what actually occurred after December 16, when defendant became aware of the default. After considering these affidavits and the proposed answer of the defendant, the trial court denied defendant's motion to set aside the default, and we are now asked to say that in so doing the court so far abused that judicial discretion lodged in it as to warrant this court in reversing the order. In the first instance it was peculiarly the province of the trial court to pass upon the affidavits presented and upon the credibility of the affiants. [1] The general order denying the motion has the effect of findings in favor of the plaintiff upon every disputed question of fact, and such findings are conclusive upon this court. In the second place, in the absence of an affidavit by the person who

removed the calendar page from the office of defendant's attorneys, the trial court may have treated the statements in the first affidavit of Mr. Thelen as hearsay.

Again, having determined the conflicting statements in the affidavits in favor of the plaintiff, the trial court may have reached the conclusion that defendant's failure to move to set aside the default for almost a month after its counsel had knowledge of it was inexcusable. It is a rule that one in default who [2] appeals to the discretion of the trial court to relieve him must show that he proceeded with diligence upon discovering his default. (*Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739.) Furthermore, the trial court may have applied the rule with more rigor because of the fact that defendant had from September 28 to December 9 within which to file this answer, and up to December 8 had not taken any steps toward preparing it, nor offered any excuse for delaying until the very last day. It is clearly inferable from the affidavit of Mr. Thelen that the answer could have been prepared in a very short time and that consultation with the client was not necessary. In fact, the answer tendered is verified by one of the attorneys.

That the default of the defendant here was properly entered is not questioned. In *Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445, this court said of a default: ''Whether it should have been set aside was a matter within the sound legal [3] discretion of the court below, and with its discretion we may not interfere unless there was a manifest abuse of such discretion.'' Every application of this character must be determined by its own facts; but in the following cases, wherein orders refusing to set aside defaults have been affirmed, the facts were somewhat analogous to those presented by this record, so far as the facts of this case are not disputed: *Herbst Importing Co.* v. *Hogan*, 16 Mont. 384, 41 Pac. 135; *Butte Butchering Co.* v. *Clarke*, 19 Mont. 306, 48 Pac. 303; *Haggin* v. *Lorentz*, 13 Mont. 406, 34 Pac. 607; *Bowen* v. *Webb*, above; *City of Helena* v. *Brule*, 15 Mont. 429, 39 Pac. 456. See, also, *Thomas* v. *Chambers*, 14 Mont. 423, 36 Pac. 814; *Chambers* v. *City of Butte*,

16 Mont. 90, 40 Pac. 71; *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677.)

It is beside the question that any member of this court, if sitting in the trial court, would probably have exercised the discretion in favor of the appellant. It is not the province of this [4] court to substitute its discretion for that of the district court. In matters of this character we sit as a court of review only, and our work is confined to the correction of errors which must be made to appear. Every presumption is in favor of the trial court's ruling, and we cannot say, in view of the more advantageous position occupied by the trial court in considering the question, that there was an abuse of discretion in denying the motion. The complaint states a cause of action and supports the judgment.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.