KERSTEN, Respondent, *v.* COLEMAN, Appellant.

(No. 3,434.)

(Submitted November 12, 1914.   Decided December 8, 1914.)

[144 Pac. 1092.]

*Default Judgments—Setting Aside—Discretion—Real Estate— Warranty Deeds—Mortgages—Cancellation—Parties.*

Default Judgment—Setting Aside—Discretion.
  1. The matter of relieving a party of a default judgment is one addressed to the sound, legal discretion of the trial court, even though movant has made an affirmative showing of mistake, inadvertence or excusable neglect.
  [As to vacation and setting aside of default judgments, see note in 58 Am. Dec. 392.]

Same—Refusal to Set Aside—When Justified.
  2. Where defendant permitted twelve days to elapse between the day he became aware of the entry of default against him and the day he moved to have it set aside, after formal proof had been made and judgment entered, giving no excuse for his failure to appear, other than that he believed in good faith that twenty days after June 6 (the day summons was served) would include June 30, refusal to set it aside was justified.

Real Estate—Warranty Deeds—Mortgages—Cancellation—Party Plaintiff.
    3.  Where real estate is sold under a deed warranting title against encumbrances, the grantor may, after he has parted with title, maintain suit to have a mortgage, placed on record after he became the owner and of the existence of which he was unaware, canceled of record.

Cancellation of Instruments—Decree.
    4.  Where plaintiff was justly entitled to a decree canceling a mortgage of record, the action of the court in designating the county clerk to cancel the instrument, instead of appointing a commissioner to do so, gave defendant no cause for complaint.

*Appeal from District Court, Missoula County; John E. Patterson, Judge.*

ACTION by Rudolph F. Kersten against Charles E. Coleman. Judgment by default for plaintiff, and defendant appeals from it and an order refusing to set it aside. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Woody & Woody,* for Appellant.

The plaintiff is not the real party in interest, as he shows by the allegations of his complaint that he is not the owner or in the possession of the land mentioned and described in his complaint, or of any part thereof, and not being the real party in interest, therefore he should not maintain this action. "In suits to quiet title, the action must be brought by the party in interest, and both possession and title must be shown." (*Wolverton* v. *Nichols,* 5 Mont. 89, 2 Pac. 308; affirmed in *Milligan* v. *Savery,* 6 Mont. 129, 9 Pac. 894.) "The action cannot be maintained as a suit to quiet title, since the necessary averment of ownership on part of the plaintiff does not appear, and the case cannot be tried on that theory." (*Boucher* v. *Barsalou,* 25 Mont. 439, 65 Pac. 718.) In *Chapman* v. *Jones,* 149 Ind. 434, 47 N. E. 1065, the court said: "The statute requiring every action to be prosecuted in the name of the real party in interest, a grantor by warranty deed, cannot maintain suit in his own name, to quiet title against the persons claiming an interest in the land paramount to that conveyed to the grantee. * * * A person who sold premises and delivered possession to his grantee cannot maintain a suit to remove a cloud therefrom,

even when he conveyed by warranty." ` (See, also, *Glos* v. *Goodrich,* 175 Ill. 20, 51 N. E. 643.) "One in possession of real estate, but having no legal or equitable title thereto, cannot maintain an action to remove a cloud upon the title." (*Jackson* v. *La Moure County,* 1 N. D. 238, 46 N. W. 449; *Wilkinson* v. *Hiller,* 71 Miss. 678; see, also, 17 Ency. Pl. & Pr. 300; *Schlosser* v. *Cruickshank,* 96 Iowa, 414, 65 N. W. 344; *Loomis* v. *Roberts,* 57 Mich. 284, 23 N. W. 816; *Toland* v. *Toland,* 123 Cal. 140, 55 Pac. 681; *Glos* v. *Randolph,* 138 Ill. 268, 27 N. E. 941; *Whipple* v. *Gibson,* 158 Ill. 339, 41 N. E. 1017; *Dick* v. *Foraker,* 155 U. S. 404, 39 L. Ed. 201, 15 Sup. Ct. Rep. 124.)

*Mr. William Wayne,* for Respondent.

Defendant's attack upon the complaint is based upon the erroneous theory that the cause of action attempted to be stated is one to quiet title. Based upon this fundamental error he proceeds to the conclusion that no cause of action is stated because the complaint shows a conveyance by respondent prior to the institution of the action; that he, therefore, is without title or interest in the property and has nothing to be quieted. This is an entirely erroneous conception of the nature of the action. The suit is not one to quiet title, but is one for the cancellation of an instrument and based upon section 6115 of the Revised Codes. In the case of *Lewis* v. *Tobias,* 10 Cal. 574, Judge Baldwin, speaking for the court, classifies the cases over which the equitable jurisdiction to cancel instruments is exercised, and expressly recognizes the existence of a cloud upon title as one of the grounds calling for such exercise, as follows: "2. When the instrument is a deed or other document concerning real estate, which, although inoperative if suffered to remain uncanceled, would throw a cloud upon the plaintiff's title to the lands, which it embraces or to which it refers." The distinction between the two kinds of suits is easily drawn and is recognized in this state. (See *Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97; *Wiard* v. *Brown,* 59 Cal. 195; *Angus* v. *Craven,* 132 Cal. 691, 64 Pac. 1091.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In September, 1911, R. F. Kersten became the owner of certain real estate in Missoula county. In June preceding, his predecessor had executed and delivered to C. E. Coleman a mortgage upon the same property, but the mortgage was not placed on record until April, 1912. Kersten sold the property to the W. H. Smead Company, and executed and delivered a deed containing a covenant of warranty against encumbrances (except a mortgage placed thereon by himself). After the transfer to the Smead Company, Kersten commenced this suit to have the Coleman mortgage canceled and satisfied of record. Service of summons was completed on June 6. On June 27 the default of defendant was entered for his failure to appear. On July 11 proof was made and a decree rendered and entered in favor of plaintiff agreeable to the prayer of the complaint. On July 12 counsel for defendant moved to set aside the decree, vacate the default, and permit a proposed answer, which was tendered, to be filed. The motion was denied, and defendant appealed from the judgment and from the order.

When one who is in default applies to the court for relief, it [1] is incumbent upon him to show affirmatively that the default resulted from mistake, inadvertence, surprise or excusable neglect, and even when such showing it made, relief may be granted as a matter of grace, but cannot be demanded as a matter of right; in other words, the statute refers the subject to the sound, legal discretion of the trial court. (Rev. Codes, sec. 6589.) The statute has made the very liberal allowance of twenty days after service of summons, within which a defendant may make his appearance in the district court, and the circumstances of any given case must be most extraordinary to excuse a failure to appear within that time. Generally speaking, it is the policy of the law that every cause shall be determined upon its merits, but this policy does not give countenance to inexcusable negligence, the result of which is to prolong litigation unnecessarily.

In the affidavit supporting the motion to set aside the default, [2] counsel sets forth that service of summons was made on June 6, but that he "believed in good faith that Monday, June 30, was the last day on which the defendant could appear and file a demurrer or answer," and that on June 30 he was informed that default had already been entered. We are left altogether in the dark, as was the district court, as to the process by which counsel reached the conclusion that twenty days from June 6 included June 30, and no suggestion is offered that the oversight, if such it was, was occasioned by sickness, absence from home, or even a press of other business. Indeed, there is not any excuse offered at all. On the contrary, counsel makes it appear affirmatively that, although he knew of the default on June 30, he did not move to have it set aside until July 12, after formal proof had been made and the decree had been entered. It is elementary in this state that one in default must move to set it aside at the earliest moment practicable. (*Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739; *Swilling* v. *Cottonwood Land Co.,* 44 Mont. 339, 119 Pac. 1102.) Defendant's failure to excuse his default, in the first instance, and his delay in applying for relief after notice, fully justified the trial court's ruling. (*Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677; *Pearce* v. *Butte Electric Ry. Co.,* 40 Mont. 321, 106 Pac. 563.)

The appeal from the judgment presents the question: May [3] Kersten, after he has parted with title to the property, maintain this suit? The land encumbered by the Coleman mortgage is not involved. The subject matter of this litigation is the cancellation of the mortgage, and, though plaintiff has parted with the title to the real estate, his interest in having the record cleared of this encumbrance is sufficient to enable him to prosecute this suit. (30 Cyc. 30.) Section 6115, Revised Codes, provides: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Kersten's warranty deed bound him

to hold the Smead company harmless from the operation of this mortgage. He could not compel his grantee to bring this suit, and so long as the mortgage was extant, his liability continued. The Smead company could properly call upon him to clear the title to the land, and unless he can now maintain this suit, his only other recourse is to pay the mortgage which, as to him, is voidable if not void. He alleges in his complaint that at the time he purchased the property he had no notice or knowledge of this outstanding unrecorded mortgage, and if this is true, then such mortgage was and is, as to him, absolutely void. (Rev. Codes, sec. 4684.) In our opinion, section 6115 above was intended to cover such cases as this, as well as analogous ones. The following authorities, though not directly in point, shed light upon the principle involved: 6 Cyc. 319, tit. "Parties"; *Gifford* v. *Workman,* 15 Iowa, 34; 1 Story's Equity Jurisprudence, 10th ed., sec. 691.

The decree is not open to objection because the county clerk [4] is directed to cancel the mortgage of record. The trial court might properly have appointed a commissioner to perform the service, but, if the clerk proceeds, this defendant is not in position to complain that someone else ought to have been selected.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.