# MIDDLE STATES OIL CORPORATION, APPELLANT, *v.* TANNER-JONES DRILLING CO. ET AL., RESPONDENTS.

(No. 5,620.)

(Submitted March 28, 1925.   Decided April 18, 1925.)

[235 Pac. 770.]

*Judgments — Default — Setting Aside—Insufficient Showing— Security for Costs — Stay of Proceedings—Estoppel—Judgment on Pleadings—When Proper—Rules of Court—Judicial Notice.*

Costs—Demand for Security—Proceedings not Stayed as to Nondemanding Defendant.

1.  Demand upon a foreign corporation for security for costs made by one of two defendants pursuant to section 9087, Revised Codes of 1921, did not operate to stay proceedings between plaintiff and the nondemanding defendant.

Default Judgment—Attack on Sufficiency of Pleading on Appeal.

2.  Where a pleading is attacked for insufficiency on appeal from a default judgment all reasonable inferences in favor of its sufficiency will be indulged.

Estoppel must be Pleaded.

3.  Estoppel may not be proved unless pleaded, if the party had an opportunity to plead it, unless evidence showing estoppel is admitted without objection.

Judgment on Pleadings—When Proper.

4.  Where defendant in an action in conversion pleaded new matter by way of estoppel as well as a counterclaim, and plaintiff did not plead to either, and the estoppel completely avoided the cause of action alleged in the complaint, defendant was entitled to judgment on the pleadings.

Judgment by Default—Discussion of Settlement of Action is not Excuse for Failure to Make Timely Appearance.

5.  The mere fact that the parties to an action were discussing a settlement did not absolve plaintiff, against whom judgment by default was taken for failure to reply to new matter alleged in the answer or to demur or answer to a counterclaim, from making timely appearance, and the court's refusal to open the default was proper.

Appeal—Supreme Court Does not Take Judicial Notice of Rules of District Court.

6.  The supreme court does not take judicial notice of the existence of a rule of the district court.

---

4.  See 21 R. C. L. 594.

**Practice—Stipulations of Counsel—Entry in Minutes of Trial Court—Proper Rule of District Court.**
7. A district court rule that no oral understanding or stipulation between counsel respecting practice will be regarded by the court unless it be entered in its minutes or put in writing and subscribed by the party against whom it is urged, *held* a salutary one.

**Default Judgment—Vacation—Party in Default must Act Promptly.**
8. When a litigant is apprised of the fact that judgment by default has been rendered against him, he must move with all reasonable expedition if he desires to have it vacated.

Appeal and Error, 4 **C. J.**, sec. 2743, p. 788, n. 52.
Costs, 15 **C. J.**, sec. 532, p. 218, n. 34.
Courts, 15 **C. J.**, sec. 291, p. 911, n. 27.
Estoppel, 21 **C. J.**, sec. 248, p. 1242, n. 92; sec. 250, p. 1244, n. 7; sec. 255, p. 1246, n. 23.
Evidence, 23 **C. J.**, sec. 1916, p. 108, n. 84.
Judgments, 34 **C. J.**, sec. 380, p. 168, n. 53; sec. 488, p. 263, n. 19; sec. 524, p. 305, n. 69.
Pleading, 31 **Cyc.**, p. 219, n. 93; p. 607, n. 33.

*Appeal from District Court, Big Horn County; Robert C. Stong, Judge.*

ACTION by the Middle States Oil Corporation against the Tanner-Jones Drilling Company and others. From a judgment in favor of the named defendant, plaintiff appeals. Affirmed.

*Mr. C. F. Gillette,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Guinn & Maddox* and *Mr. T. H. Burke,* for Respondents, submitted a brief; *Mr. Burke* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an action in conversion, begun by the plaintiff against the Tanner-Jones Drilling Company, hereafter called the defendant, the sheriff of Big Horn county, and the sheriff's bondsman, to recover the sum of $25,000, the alleged value

---

8. See 15 **R. C. L.** 694.

of casing seized and disposed of by the sheriff at the direction of the defendant.

The complaint was filed March 14, 1924. On April 3 the sheriff and his bondsman by their counsel, Mr. Haven, demanded of the plaintiff, a foreign corporation, security for costs under the provisions of section 9807, Revised Codes of 1921. What further action in the case these parties took, if any, the record does not show. Security bond was filed by plaintiff April 26.

The defendant appeared in the action by answer and counterclaim March 25 with Messrs. Guinn & Maddox as its counsel. The answer embodied matter in which it was pleaded that the plaintiff by acts done and representations and admissions made had estopped itself from maintaining the action. By the counterclaim the defendant asked judgment against the plaintiff for the sum of $11,039.61. Plaintiff having failed to plead to the new matter set forth in the answer or to the counterclaim, counsel for defendant on April 19 filed a *praecipe* for the default of plaintiff. Two days later they served on counsel for plaintiff notice that on May 1, they would move for judgment on the pleadings. On April 26 counsel for plaintiff filed a demurrer to the counterclaim and also a notice that on May 1 plaintiff would move the court to strike the *praecipe* for default from the files for the reason that the alleged new matter in the answer is not such as to require a reply. In turn counsel for defendant gave notice that on May 1 they would move to strike the demurrer to the counterclaim from the files.

On May 1 the court granted defendant's motion to strike plaintiff's demurrer to the counterclaim, denied plaintiff's motion to strike defendant's *praecipe* for default, and took defendant's motion for judgment on the pleadings under advisement. On the next day, May 2, counsel for plaintiff gave notice that on May 15 he would move to set aside the default of the plaintiff for failure to reply to the separate answer and

counterclaim on the ground of excusable neglect. The matter coming on for hearing on May 15 the court denied plaintiff's motion to set aside the default and granted defendant's motion for judgment on the pleadings. The court ordered defendant to submit proof in support of its counterclaim. This having been done it was ordered that plaintiff's complaint be dismissed and that defendant have judgment upon its counterclaim. From the entry of that judgment plaintiff prosecutes this appeal.

1. Demand for security for costs made by the sheriff and [1] his bondsman, in which this defendant did not participate, did not operate to stay proceedings between plaintiff and this defendant. A defendant, entitled to the privilege extended by the statute, if he desires the benefit it affords, must himself insist upon it.

2. It will not serve any useful purpose to enter into a dis-[2] cussion over the sufficiency of defendant's affirmative defense in which estoppel is pleaded, nor respecting the counterclaim. It is enough to say that when we indulge the reasonable inferences in favor of defendant's pleading, as we must, when it is attacked upon appeal from a default judgment (*Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315; *Hodson* v. *O'Keefe,* 71 Mont. 322, 229 Pac. 722), we are constrained to hold that estoppel is pleaded in the affirmative defense and the counterclaim is not vulnerable to the objections lodged against it in plaintiff's brief.

Estoppel may not be proved unless pleaded, if the pleader [3, 4] has had an opportunity to plead it—unless, of course, evidence showing estoppel is admitted without objection. (*Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994; *Eisenhauer* v. *Quinn,* 36 Mont. 368, 122 Am. St. Rep. 370, 14 L. R. A. (n. s.) 435, 93 Pac. 38.) The estoppel was new matter. The plaintiff neither demurred nor replied to it. It stood admitted. As the estoppel pleaded completely avoided the cause of action set forth in the complaint, the defendant was entitled to judg-

ment on the pleadings. (Sec. 9158, Rev. Codes 1921; *State ex rel. Montana Central Ry. Co.* v. *District Court*, 32 Mont. 37, 79 Pac. 546; *State* v. *Quantic*, 37 Mont. 32, 94 Pac. 500; *Anaconda C. Min. Co.* v. *Thomas*, 48 Mont. 222, 137 Pac. 381.) The defendant also was entitled to judgment upon the counterclaim. (Authorities, *supra; Munger* v. *Nelson*, 61 Mont. 104, 201 Pac. 286.)

3. The court did not err in refusing to set aside the default **[5]** for the plaintiff did not show excusable neglect. Practically the only excuse made for the failure to either demur or reply to the answer, or to demur or answer to the counterclaim, is, according to the affidavit of Mr. Gillette, that a tacit understanding existed between the members of the bar of Big Horn county to the effect that one would not enter default against another without first giving him notice and an opportunity to plead, which policy had become firmly established between the attorney for the plaintiff and the attorneys for the defendant; and that the default in this instance was taken without notice to the attorney for the plaintiff and without giving him an opportunity to file any pleading. It is true that Mr. McNally of Sheridan, Wyoming, added an additional element in his affidavit, but it does not aid the plaintiff substantially. He deposed that he is an attorney for the plaintiff in this case; he is the general attorney in connection with its business in the states of Wyoming and Montana. He averred that negotiations for a long time had been in progress between him and the defendant looking to a compromise of the litigation; "and that at all times since the commencement of said cause affiant has forwarded recommendations of settlement to the home office of plaintiff corporation in New York City"; that he was still endeavoring to effect a settlement of the cause upon terms which had been repeatedly discussed by him and Mr. Burke, one of the officers and stockholders of the defendant company. Mr. Gillette had been informed of the negotiations, and affiant believed that Mr. Gillette "was thereby at least partially influ-

enced not to file a reply or other appearance in said cause until the period therefor had elapsed,'' and that Mr. Gillette also ''depended upon the generally recognized practice of the members of the bar of Big Horn county, Montana, in notifying opposing counsel before entering default in any case and that by and through the excusable neglect of the said C. F. Gillette in the manner aforesaid the period for pleading to said answer and counterclaim was permitted to elapse.'' Whether there was a probability of settlement based upon the recommendations of Mr. McNally he did not say; whether the terms discussed were likely to be approved by his client or whether they were satisfactory to Mr. Burke the court is not advised. The mere fact that litigants are discussing settlement does not absolve them from following the rules of law which experience has crystallized into statutes for their guidance and protection.

Affidavits were filed by attorneys for the defendant in opposition to the motion to set aside the default in which they averred that there never had been an agreement between the members of the bar of Big Horn county that they would not take default against each other without giving notice beforehand although that had been the general practice among the members of the bar. In the instant case, deposed Mr. Maddox, one of the defendant's attorneys, his firm were directed by their client to take the default, otherwise they would not have done so. He also deposed that he fully believed ''that the reason the attorney for the plaintiff did not file a reply and answer to the counterclaim of the defendant within the time required by law was because the said attorney for the plaintiff did not during the said time deem such a reply or answer to the counterclaim necessary.'' He stated further that there had not been a breach of any agreement or undertaking between his firm and Mr. Gillette ''regarding the taking of said default.'' This statement is fully justified by the record.

Counsel for respondent have set out a rule of the trial court which is to the effect that no agreement between the parties

or their attorneys in respect to proceedings in a cause will be regarded by the court unless it be entered in the minutes of the court or be put in writing subscribed by the party against whom the same may be urged, or by his attorney. But this rule [6, 7] does not appear in the bill of exceptions and this court cannot take judicial notice of its existence. A rule of that nature, however, is salutary. No matter how considerate of each other counsel may be, oral understandings and stipulations respecting practice occasionally result in misunderstandings, sometimes with consequent unfortunate results. If oral understandings respecting practice are countenanced at all, when a misunderstanding arises the court is confronted with the disagreeable duty of deciding between the statements of counsel, frequently more or less indefinite in character.

In *Martin* v. *De Loge,* 15 Mont. 343, 39 Pac. 312, this court held it an abuse of discretion for the trial court to grant a motion to set aside a default without any reason therefor except a conflict of statement between the respective counsel as to whether there was or was not a verbal stipulation for extra time to answer.

But so far as the affirmative matter in the answer is concerned, it is clear that counsel for plaintiff had determined that a reply was not necessary. The time to demur or reply expired April 14. Default was entered April 19. Demurrer to the counterclaim was filed April 26. Motion for judgment on the pleadings was argued May 1. Seventeen days had elapsed and still there was no attempt to plead to the new matter.

The case of *Donlan* v. *Thompson Falls C. & M. Co.,* 42 Mont. 257, 112 Pac. 445, is persuasive against the plaintiff on this [8] phase of the case. Moreover, one in default must not let the grass grow under his feet. Whenever apprised of the fact or facts he must move with all reasonable expedition. (*Swilling* v. *Cottonwood Land Co.,* 44 Mont. 339, 119 Pac. 1102; *Kersten* v. *Coleman,* 50 Mont. 82, 144 Pac. 1092.)

Upon the undisputed facts in the record the court would not have been justified in setting aside the default. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.