ST. PAUL FIRE & MARINE INSURANCE CO., Appellant,
*v.* FREEMAN et al., Respondents.

(No. 6,155.)

(Submitted September 22, 1927.   Decided October 17, 1927.)

[260 Pac. 124.]

*Default Judgment—Setting Aside by Means of Suit in Equity*
*—Discretion—Insufficient Grounds—Laches.*

Default Judgment—Setting Aside—Discretion.
 1. The setting aside of a default judgment is a matter within
 the sound legal discretion of the trial court and its action will
 not be disturbed unless manifest abuse of such discretion is
 shown.

Same—Setting Aside by Means of Suit in Equity—Discretion.
 2. The principle that in deciding upon an application to have
 a judgment vacated upon grounds of inadvertence or excusable
 neglect, each case must depend upon its own particular facts,
 applies in a case where a judgment is sought to be set aside by
 means of a suit in equity, because such a suit involves exercise
 of judicial discretion even in a larger measure than on an ap-
 plication to have it vacated.

Same—Correspondence Between Counsel Respecting Settlement not
 Ground for Setting Aside Default.
 3. The mere fact that there was some correspondence between
 opposing counsel about a possible settlement of a pending action
 is not a ground for setting aside a default judgment because of
 inadvertence or excusable neglect.

Same—Extension of Time for Answer by Oral Agreement Between
 Counsel not Good Ground for Vacating Default.
 4. Little reliance is placed by courts upon oral agreements
 between counsel as to an extension of time within which an
 answer to a complaint might be filed as ground for setting aside
 a default; stipulations of that nature should be in writing and
 filed or made in open court and entered in the minutes. (Secs.
 8947, 9099, Rev. Codes 1921.)

Same—Forgetfulness of Counsel Because of Illness and Death of
 Co-counsel Insufficient.
 5. A party in default who desires the consequent judgment
 vacated must move with all reasonable expedition after notice,
 mere forgetfulness on the part of defendant's counsel occasioned
 by the illness and subsequent death of one of counsel some ten
 days after notice of entry of default being no excuse for setting
 aside a default.

Same—Setting Aside by Means of Suit in Equity—Showing Necessary.
 6. In a suit in equity to set aside a default judgment on the
 ground of excusable neglect, where no attempt was made to

1.  See 15 R. C. L. 720.
4.  See 25 R. C. L. 1096.
5.  See 15 R. C. L. 694, 740.

[80 Mont. 266.]

invoke the liberal statutory remedy, a stronger showing must be made to warrant favorable action than would have been required had defendant proceeded promptly after notice under the statute.

Same—Setting Aside by Suit in Equity—Laches.

7. *Held*, that while a suit in equity to vacate a default judgment may be maintained where no laches or want of diligence is imputable to the party asking relief, where such a suit was not brought until more than a year after rendition of the judgment, defendant's delay showed inexcusable neglect and want of diligence, and that the court properly denied the relief.

---

[1] Appeal and Error, 4 **C. J.**, sec. 2825, p. 840, n. 33. Judgments, 34 **C. J.**, sec. 677, p. 429, n. 79.

[2] Judgments, 34 **C. J.**, sec. 515, p. 296, n. 7 New; sec. 730, p. 465, n. 74 New.

[3] Judgments, 34 **C. J.**, sec. 524, p. 305, n. 69.

[4] Judgments, 34 **C. J.**, sec. 498, p. 286, n. 18.

[5] Judgments, 34 **C. J.**, sec. 488, p. 263, n. 19, p. 266, n. 28; sec. 754, p. 482, n. 85.

[6, 7] Equity, 21 **C. J.**, sec. 179, p. 193, n. 96; sec. 180, p. 194, n. 11. Judgments, 34 **C. J.**, sec. 730, p. 465, n. 74 New; sec. 752, p. 481, n. 74, 82 New; sec. 754, p. 482, n. 85.

*Appeal from District Court, Toole County; John J. Greene, Judge.*

SUIT by the St. Paul Fire & Marine Insurance Company against J. W. Freeman and others. Judgment for defendants and plaintiff appeals. Affirmed.

*Messrs. Brown, Wiggenhorn & Davis,* for Appellant, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

That the entry of default without notice and the default judgment thereon under the circumstances disclosed by the facts in this case was in violation of the terms of the stipulation pleaded can hardly be gainsaid. The general rule is stated in 34 C. J. 285 as follows: "Where there was an agreement between the parties that the case should be continued, or that defendant's time to answer should be extended, or that the action should be dismissed as the result of a compromise or settlement, or a promise of plaintiff that he would not press the case to judgment, in violation of which plaintiff, without notice to defendants, enters a default, or secures a judgment against the latter in his absence, it is good ground for vacating the judgment." (See *MacGillivray* v. *Owen,* 30 Cal. App. 763, 159 Pac. 452;

*Craig* v. *San Bernardino Inv. Co.,* 101 Cal. 122, 35 Pac. 558;
*Sampanes* v. *Chazes,* 54 Cal. App. 612, 202 Pac. 462; *Plax* v.
*Plax,* 184 Cal. 263, 193 Pac. 242; *Foster & Connolly* v. *Dwire,*
42 N. D. 318, 172 N. W. 782.)   The cases cited, it is true, in-
volve the consideration of motions for the vacation of defaults
under statutes similar to section 9187, Revised Codes 1921; but
where this remedy is not available, equity in a proper case will
be moved by the same set of facts.   (*State ex rel. Happel* v.
*District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A.
(n. s.) 1098, 99 Pac. 291; *N. S. Sherman Machine & Iron
Works* v. *Elzo,* 65 Okl. 130, 183 Pac. 608; *Laun* v. *Kipp,* 155
Wis. 347, 5 A. L. R. 655, 145 N. W. 183; *Schmitz* v. *Martin,* 149
Minn. 386, 183 N. W. 978; *Fidelity Lumber Co.* v. *Ewing* (Tex.
Civ. App.), 201 S. W. 1163; *Cadwallader* v. *McClay,* 37 Neb.
359, 40 Am. St. Rep. 496, 55 N. W. 1054; *Splawn* v. *Perry,* 40
Okl. 371, 138 Pac. 788; *Bohart* v. *Anderson,* 26 Okl. 782, 110
Pac. 760.)   This general rule has been further recognized in
this state in the following cases: *State ex rel. Starrenberger* v.
*District Court,* 66 Mont. 496, 33 A. L. R. 464, 214 Pac. 85;
*Clark* v. *Clark,* 64 Mont. 386, 210 Pac. 93.

The forgetfulness and consequent failure of counsel to move
in the original action for an order to set aside this judgment
was, under the circumstances, entirely excusable.   (*Leaming* v.
*McMillan,* 59 Ark. 162, 43 Am. St. Rep. 26, 26 S. W. 820;
*Burns* v. *Scooffy,* 98 Cal. 271, 33 Pac. 86; *Green* v. *Stobo,* 117
Ind. 332, 20 N. E. 850; *Walker* v. *Harris* (Tex. Civ. App.),
227 S. W. 360; *Scott* v. *Smith,* 133 Mo. 618, 34 S. W. 864.)

In the absence of a statute controlling the time of application
to a court of equity for relief against a judgment, no particular
lapse of time will be marked off as barring the complainant's
right to relief, the question being solely one of laches or dili-
gence.   (See 34 C. J. 481, and cases cited in note 74.)   Nor
does a statute authorizing courts of law to vacate or open their
own judgments for fraud, mistake, surprise, or other cause gen-
erally preclude relief in equity after the time which may be
fixed as a limit has passed.   (Id., and cases cited in note 75;

*Ex-Mission Land & Water Co.* v. *Flash,* 97 Cal. 610, 32 Pac. 600, at 606; *Teufel* v. *Wilson,* 152 Iowa, 559, 132 N. W. 846.)

*Mr. J. W. Freeman,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a suit to invoke the power of equity to set aside a default judgment procured in an action at law.

August 9, 1922, J. H. Guerin, one of the defendants herein, instituted an action in the district court, in Toole county, against the insurance company which is the plaintiff herein, for the recovery of insurance money, alleged to be due on account of the destruction by fire of an automobile. August 28, 1922, the insurance company appeared by its attorneys, who filed for it a general demurrer. September 7, 1922, the demurrer came on for hearing and was overruled, in the absence of the insurance company's attorneys, who resided in another part of the state. At the same time, by order of court, the defendant's attorneys were given twenty days, from receipt of notice, in which to answer. September 11, 1922, plaintiff's attorneys, by mail, notified defendant's attorneys of the overruling of the demurrer and of the order of the court, as to time for answering, and stated that it was agreeable to them for defendant's attorneys to take thirty days, in which to answer, adding "the only thing we request is that the answer be in in time so that the action can be tried at the next term of court in Toole County, which will probably be in October or November." No answer to the complaint ever was made.

It is the contention of the attorneys for the insurance company that about September 25, 1922, one of the attorneys for the insurance company met one of the attorneys for Guerin, at a hotel, in the city of Great Falls, late at night, and there had an oral agreement (called by the attorneys for the insurance company a verbal stipulation) with the attorney for Guerin that an answer in Guerin's action need not be filed until such time as the attorneys for Guerin should advise

the insurance company's attorneys that they wished to have the cause brought to issue and set down for trial. Nothing further was done in regard to the action until October, 1923, more than a year later. Early in that month, there was some exchange of correspondence between the respective attorneys about the possibility of a settlement but it resulted in nothing. October 15, 1923, Guerin's attorneys, without notice, had entered the default of the insurance company. Then the matter rested until June 8, 1925, nearly twenty months later, when judgment by default was had and entered in favor of Guerin. Notice of the entry of the judgment was given June 10, 1925, to the insurance company's attorneys. This brought a protest by letter, under date of June 12, 1925, to Guerin's attorneys from the attorney for the company who claimed to have had the oral agreement or verbal stipulation at Great Falls, nearly three years before, about an indefinite time, or until further notice, in which to answer, but with no result and without eliciting a reply, it is said.

June 20, 1925, a member of the firm of attorneys representing the insurance company (but not the one who had, as claimed, the oral agreement or verbal stipulation) became ill and was taken to a hospital and some days thereafter he died. It is alleged that the surviving partner of the firm representing the insurance company, the one who, it is claimed, had the so-called verbal stipulation about time in which to answer and who wrote the letter of protest of June 12, 1925, forgot about the entry of the default judgment. In extenuation, it is alleged that the death of his partner greatly upset the business of the office and caused great confusion and caused the surviving partner to be out of the office about a month; also that the deceased member of the firm had principally had charge of the litigation.

October 23, 1925, Guerin assigned his judgment to his attorneys, J. W. Freeman, J. N. Thelen and G. S. Frary, copartners under the firm name of Freeman, Thelen and Frary, defendants herein, with Guerin. Nothing further about the judgment was done until about April 15, 1926, more than ten

months after entry, when, it is alleged, the surviving attorney for the insurance company learned (how is not stated) that execution had been or was about to be issued on the judgment. Thereupon, he opened correspondence with the attorneys for Guerin, with a view to having the judgment set aside, but without result. July 1, 1926, more than a year after entry of judgment, this suit was brought, in equity, by the insurance company, to have set aside and vacated the judgment in the action of Guerin against the insurance company and to open the action and enable the insurance company to file an answer and defend.

The complaint in the case at bar alleges the foregoing narrated facts and makes other allegations to the effect that in the premises the plaintiff, the insurance company, and its attorneys were free from fault and that any inadvertence or negligence on their part, both in failing to answer in the original action and in failing to move, within six months, to have the judgment set aside, was excusable; that the fact that answer was not made in the original action was wholly the fault of Guerin's attorneys; that plaintiff has no plain, speedy or adequate remedy and offers to do equity; that the assignment of the judgment by Guerin to his attorneys was made with full knowledge by his attorneys of the facts in the premises; and some other allegations usual in a demand to have a judgment set aside. The complaint prays that the judgment in the original action and the execution issued thereon and all proceedings based thereon be vacated and set aside and that plaintiff be permitted to answer and asks for equitable relief. To the complaint are attached, and made a part of it, copies of the complaint of Guerin in the original action, the answer (unverified) which plaintiff proposes to make to the complaint in the original action, the demurrer to the complaint in the original action, order of court overruling demurrer, the judgment in the original action, the assignment of the judgment and some correspondence between the attorneys for the respective parties to the original action.

[80 Mont. 266.]

To the complaint in the case at bar the defendants therein filed a general demurrer. The demurrer was sustained and judgment was rendered and entered, in favor of defendants, dismissing the action and awarding costs to defendants. From the judgment plaintiff appealed and assigns as error the action of the trial court in sustaining the demurrer and rendering judgment for defendants.

It has been brought to the attention of this court and is admitted by counsel for plaintiff that, since the appeal to this court was perfected and before the cause was argued to this court, the judgment involved was fully satisfied by levy, under execution, upon property of the insurance company and that the judgment has been released of record. Counsel for defendants contends that makes the issue in this case a moot question. However, we shall not consider the satisfaction of the judgment, as that fact was not before the trial court. We shall consider only what was before the trial court. We shall not decide if the case presents a moot question (quite a question in itself) but shall decide the case on the facts and the merits, as disclosed by the record on appeal.

The sole question, then, for us to decide is: Did the trial court err in sustaining the demurrer of defendants to plaintiff's complaint and rendering judgment for defendants?

Had counsel for the insurance company, within six months after rendition and entry of the judgment in the original action, made to the trial court application, based on the showing here made, so far as applicable, to have set aside and vacated the judgment, with leave to answer the complaint in that action, and had the court denied the application and had the insurance company then appealed to this court from the order of denial, what, in that event, would have been our duty? That question inevitably arises, because it is an integral part of the question now before us, a larger and more complicated question.

In that event, the substantive question before us would have been: Did the trial court abuse its discretion in refusing to vacate the judgment? Had it appeared to us that the court

did not abuse its discretion, it would have been our duty to
[1]   uphold the decision of the court.   The setting aside of a
default judgment is a matter within the sound legal discretion
of the trial court and its action will not be disturbed on appeal
unless manifest abuse of such discretion be shown.   (*Hegaas*
v. *Hegaas*, 28 Mont. 266, 72 Pac. 656; *Greene* v. *Rowan*, 29
Mont. 263, 74 Pac. 456; *Ferguson* v. *Parrott*, 36 Mont. 352, 92
Pac. 965; *Kersten* v. *Coleman*, 50 Mont. 82, 144 Pac. 1092;
*Robinson* v. *Petersen*, 63 Mont. 247, 206 Pac. 1092; *Eder* v.
*Bereolos*, 63 Mont. 363, 207 Pac. 471; *Pacific Acceptance Corp.*
v. *McCue*, 71 Mont. 99, 228 Pac. 761; *First State Bank* v.
*Larsen*, 72 Mont. 400, 233 Pac. 960; *Reynolds* v. *Gladys Belle
Oil Co.*, 75 Mont. 332, 243 Pac. 576.)   That principle must
necessarily govern in the case at bar, because it requires not
only a discretionary decision as to whether or not the attorneys
for the insurance company were excusable for letting judgment
by default in the original action go against their client but it
goes further and requires in addition a discretionary decision
as to whether or not the attorneys for the insurance company
were excusable in not applying, within six months after rendi-
tion and entry, to have the judgment vacated.

In deciding upon an application to have a judgment va-
[2]   cated, upon grounds of inadvertence or excusable neglect,
each case must depend upon its own particular facts.   (*Robin-
son* v. *Petersen*, supra; *Pacific Acceptance Corp.* v. *McCue*,
supra; *Reynolds* v. *Gladys Belle Oil Co.*, supra.)   It must be
so, necessarily, too, in a case such as that before us, because,
even in a larger measure, it involves exercise of judicial dis-
cretion.

In the consideration of this case there are really to be con-
sidered two things: (1) Whether or not there was reasonable
excuse for letting the default judgment be rendered; and
(2) whether or not there was reasonable excuse for not apply-
ing, within six months, to have it vacated.   Whether or not
there was reasonable excuse for letting the default judgment
be rendered appears seriously debatable.

The complaint in the case before us alleges, as one ground [3] or at least an incident of why the insurance company's counsel did not put in an answer before default had been entered, that there was some correspondence about a possible settlement. That is no excuse. It is so held in *Middle States Oil Corp.* v. *Tanner-Jones Drilling Co.*, 73 Mont. 180, 235 Pac. 770.

Another ground set up and urged as the principal justifi- [4] cation of the insurance company's counsel in not answering is the alleged oral agreement or "verbal stipulation," as it is called, between one of the insurance company's attorneys and one of Guerin's attorneys, made in a hotel, late at night, about time for answering. The alleged agreement was somewhat vague and indefinite. It was unsafe, indiscreet and inadvisable to rely on such an agreement. Courts do not favor such. There is always a great possibility for different counsel to understand differently such an agreement. Then, too, there is the possibility that counsel making the promise on which such an agreement is based may forget it or may not remember correctly the terms. Of such agreements, this court said in the case of *Middle States Oil Corp.* v. *Jones-Tanner Drilling Co.*, supra: "No matter how considerate of each other counsel may be, oral understandings and stipulations respecting practice occasionally result in misunderstandings, sometimes with consequent unfortunate results."

As to understandings of members of the bar about defaults, the opinion in that case shows that little reliance is placed upon them as grounds for setting aside a default. This particular agreement was made, too, with only one member of the firm of three attorneys representing Guerin. There is a possibility he forgot to mention it to the other members or either of them. As to stipulations, a search of the statutes of Montana discloses that the only stipulations mentioned in the statutes are those put in writing and filed or made in open court and entered in the minutes. (Secs. 8974, 9099, Rev. Codes, 1921.) The statutes and rules of court are the only safe guides in matters of practice. Attorneys who rely on

oral agreements, more or less vague, made at chance meetings on the streets or in hotels or, indeed, any time or place, must realize they are following a course not sanctioned by the statutes and fraught with more or less danger.  We shall not say what should have been done, had prompt application been made to have the judgment vacated, but it seems to us, to say the least, doubtful.

Moreover, had application to vacate the judgment been made **[5]** it should have been made promptly.  "One in default must not let the grass grow under his feet.  Whenever apprised of the fact or facts he must move with all reasonable expedition."  (*Middle States Oil Corp.* v. *Tanner-Jones Drilling Co.,* supra.)  Instead of that, the firm of attorneys representing the insurance company, being promptly notified, June 10, 1925, of the rendition and entry of the default judgment on June 8, 1925, did not move promptly or at all to have it vacated.  One member of the firm thereafter became ill, true, but not until June 20, ten days after the notice.  True, too, he died some days later, but the surviving member of the firm, he who had had the so-called verbal stipulation about time in which to answer, personally knew of the notice of entry of judgment and, June 12, wrote to Guerin's attorneys, protesting, instead of moving at once or very soon to have the judgment vacated, which he never did.

After the lapse of more than a year from the rendition of **[6, 7]** the judgment, the insurance company brought this suit.  The remedy provided by law, a very liberal one, was not invoked and now an appeal is made to equity.  We say unhesitatingly a stronger showing should be made now than would have been required had counsel for the insurance company proceeded promptly, after notice, to have the judgment vacated.  The only reason given why that was not done is that the surviving counsel, on account of the death of his partner, forgot to do it.  Mere forgetfulness is not ground for setting aside a default.  (*Scilley* v. *Babcock*, 39 Mont. 536, 104 Pac. 677; *Lovell* v. *Willis*, 46 Mont. 581, Ann. Cas. 1914B, 587, 43

L. R. A. (n. s.) 930, 129 Pac. 1052.) Then, surely, it is no ground for a suit of this kind.

In *Dunne* v. *Yund*, 52 Mont. 24, 155 Pac. 273, it is recited that a default judgment against a defendant was suffered and defendant failed to move, within the time allowed by statute, to have it vacated. Thereafter he brought suit in equity to have it annulled. The default judgment affected the title to real estate. In that case it is held that the judgment could not be set aside, except for fraud, knowledge of which was ascertained after the time had expired within which the legal remedy might have been invoked. There is no allegation of fraud in the case at bar, only an allegation of breach of an agreement; true, it involves only a money judgment, not title to real estate; but the law appears to be that more than mere forgetfulness must be alleged.

Counsel for plaintiff cite a number of cases decided by this court and courts of other jurisdictions. Most of them we consider inapplicable. Many of them depend on dissimilar facts. Most of them are cases wherein application was made to vacate a default judgment. This suit is of a different nature.

Counsel cite and urge with especial emphasis *State ex rel. Happel* v. *District Court*, 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291. The opinion in that case recites that in a divorce suit defendant suffered a default judgment to be taken against him. He was incompetent and neither he nor his guardian applied, within the time allowed by statute, to have the judgment vacated. Thereafter, by his daughter, as next friend, suit was brought to annul the judgment. Complaint was filed and accompanying it was an application, asking that a guardian ad litem be appointed, to prosecute the suit. The district court refused to make such an appointment and the action of *State ex rel. Happel* v. *District Court* was instituted, as an original proceeding in this court, to compel, by mandamus, such an appointment. In the opinion, which ordered granted the writ of mandamus prayed for, the court discusses the right to bring in equity such a suit as the one

brought to annul the judgment. It decides in favor of the right and quotes with approval from the opinion in *Bibend* v. *Kreutz,* 20 Cal. 110, that such a suit may be maintained when "no laches or want of diligence is imputable to the party asking relief." Does that apply here? Was there no laches or want of diligence in the insurance company? We do not think it may be so said.

"Equity aids the vigilant, not those who slumber on their rights." (1 Pomeroy's Equity Jurisprudence, 4th ed., par. 418.) "Nothing can call forth this court [one of equity] into activity but conscience, good faith and reasonable diligence." (Id., par. 419.) "Equity always discountenances laches." (Story's Equity Jurisprudence, 14th ed., par. 65.) May it be said that in this case the insurance company has been vigilant; has not slumbered on its rights? Has it used reasonable diligence? We must answer all in the negative. Upon a careful perusal of the record and an examination of the authorities cited and others, as well, we do not believe the facts show that the plaintiff herein has used that degree of diligence required to entitle it to relief in a court of equity. We do not believe the trial court abused its discretion or committed error.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Stark, Matthews and Galen concur.